LOUIS MAZZILLI, PLAINTIFF-APPELLANT, v. ACCIDENT
AND CASUALTY INSURANCE COMPANY OF WINTER-
THUR, SWITZERLAND, DEFENDANT-RESPONDENT.

Argued February 3, 1958—Decided March 17, 1958.

*Mr. Robert C. Gruhin* argued the cause for the appellant.

*Mr. Milton A. Dauber* argued the cause for the respondent (*Messrs. Carpenter, Bennett, Beggans & Morrissey,* attorneys).

The opinion of the court was delivered by

PROCTOR, J.   This is an appeal from a judgment of the Appellate Division which reversed the trial court and directed the entry of summary judgment in defendant's favor upon the ground that the plaintiff was collaterally estopped by a prior judgment from showing that Frances Selger was an "Insured" under a personal liability policy issued by the defendant insurance company to her husband, Adam Selger.   *Mazzilli v. Accident & Casualty Ins. Co., etc.,* 45 *N. J. Super.* 137 (*App. Div.* 1957).   We granted plaintiff's petition for certification.   24 *N. J.* 54 (1957).

On April 21, 1949 the plaintiff was injured when Kenneth Selger, the nine-year-old son of Adam and Frances Selger, fired a shotgun at him from a window of his mother's house.   The plaintiff instituted a personal injury action

against Kenneth and both parents. It was established at the trial of that action that on the date the plaintiff was injured the elder Selgers were living in a state of separation which had commenced in 1945, each occupying separate residences located about 200 feet apart upon a three-acre tract owned by a corporation controlled by Adam Selger. It was also established that a separate maintenance action instituted by Frances for support of herself and Kenneth, who was in her custody, was then pending in the Chancery Division and that an interlocutory order had been entered in 1948 which required Adam to pay $35 a week for their support and also to pay the rent and cost of heating fuel for Frances' home. The trial court dismissed the complaint as to Adam and Frances, but the plaintiff recovered a judgment of $20,000 for compensatory damages and $5,000 for punitive damages against Kenneth. The plaintiff appealed from the judgment in favor of Adam and Frances. The infant defendant, Kenneth, cross-appealed from the denial of his motion to dismiss the punitive damage count against him. The judgments were affirmed by the Appellate Division. *Mazzilli v. Selger,* 23 *N. J. Super.* 496 (1952). In its opinion the Appellate Division held that there was insufficient evidence of any negligence on the part of Adam and Frances, and further held that the amount of punitive damages against Kenneth was justified since there was sufficient evidence to support the jury's finding that Kenneth's act was intentional. On appeal to this court the judgment of dismissal in favor of Adam was affirmed on the ground there was no evidence that he had access to his wife's home or that he had knowledge of the existence of the shotgun and shells before the occurrence. However, the judgment was reversed as to Frances and a new trial was ordered to determine whether she had failed to exercise due care in permitting the gun and shells to be available in Kenneth's room. *Mazzilli v. Selger,* 13 *N. J.* 296 (1953). Kenneth did not file an appeal.

Following the affirmance by the Appellate Division, but before the appeal to this court had been determined, the

plaintiff, on January 16, 1953, instituted an action against the present defendant on the personal liability policy which it had issued to Adam Selger. The plaintiff's complaint in that action alleged, *inter alia,* that Kenneth Selger "resided with Adam Selger and was a resident of the household of the said Adam Selger"; that the defendant had issued a personal liability policy to Adam; that the policy was in effect at the time the plaintiff was injured; that the policy contained the following provision:

"Definition of Insured: The unqualified word 'Insured' includes the Named Insured and, if residents of the household, his spouse and relatives and wards of either * * *.";

and that "Kenneth Selger as well as the defendant, Adam Selger, was covered in all respects under the said policy of insurance."

The defendant filed a notice of motion for summary judgment returnable on February 20, 1953. The affidavit executed by the defendant's attorney in support of the motion referred to the prior tort action and incorporated the opinion by the Appellate Division. It further recited that the provisions of the policy excluded from coverage any liability arising out of injury caused intentionally by or at the direction of the insured; that since Kenneth's act was found by the Appellate Division to have been intentional it was not covered by the policy; that Adam and his wife were separated at the time of the occurrence in question and lived in separate dwellings and that Kenneth resided with his mother; that "by reason of said separate residences" and by reason of the separation of Adam and Frances "Kenneth was not a member of the household of Adam Selger." The plaintiff filed no answering affidavit. The disposition of the motion was postponed to await the outcome of the appeal which was pending before this court. That appeal, as mentioned above, resulted in an affirmance of the judgment in favor of Adam and the granting of a new trial against Frances. Upon the retrial on the issue

of Frances' liability, the plaintiff recovered a judgment against her for $10,000, which was entered on February 16, 1955.

On March 25, 1955 the defendant's long pending motion for summary judgment was argued, and on March 31, 1955 judgment was entered granting the motion. The trial court in reaching this decision considered the provisions of the policy pertaining to the definition of "Insured" and the following clauses limiting coverage to accidental injuries:

"Occurrence. 'Occurrence' means an accident or a continuous or repeated exposure to conditions, which results in injury during the Policy Period, providing the injury is accidentally caused."

"Assault and Battery. Assault and Battery shall be deemed an accident unless committed by or at the direction of the assured."

The trial court made two specific findings: (1) that "Kenneth Selger was not a resident of the household of the assured, his father," and hence was not an "Insured"; and (2) if it be assumed that Kenneth was a resident of the Adam Selger household, and, thus, an insured, his act was willful and malicious and therefore it was not an accident within the terms of the policy. The plaintiff did not appeal from this judgment.

On August 22, 1956 the plaintiff instituted the present action against the defendant to recover the amount of the judgment obtained against Frances on the ground that she was an "Insured" covered by the policy. The defendant moved for summary judgment, asserting that the judgment in the prior suit between the same parties had conclusively determined that Frances was not a resident of Adam's household and, therefore, not an "Insured" within the terms of the policy. The defendant submitted an affidavit by its attorney in support of the motion, which set forth a history of the prior litigation. The affidavit submitted by the plaintiff's attorney in opposition to the motion stated that the present action was based upon a different cause of action than that adjudicated in the prior litigation between the parties; that the household of Adam Selger consisted of

premises on three acres of ground, all one tract, upon which not only he, but his wife and son resided; and that an issue of fact existed as to the relationship between Adam and Frances Selger. The motion was argued before the same trial judge who had granted the defendant's motion for summary judgment in the prior action between the parties. The trial court denied the defendant's motion and the defendant appealed to the Appellate Division. The Appellate Division reversed the judgment and directed the entry of summary judgment in the defendant's favor, holding that the plaintiff was collaterally estopped from asserting that Frances was covered under the defendant's liability policy. The court concluded that the primary basis for the trial court's granting of summary judgment in the prior action between the parties was the finding that Kenneth was not a resident of Adam's household, and that the trial court's second finding that Kenneth's act was intentional and thus not covered by the policy was only an alternative determination. The court then stated:

"As to Frances, it is undisputed that at the time of the injury she occupied the same status as Kenneth, since she and her minor son were living together, apart from Adam. It necessarily follows that since Kenneth was held in the prior action not to be a 'resident of the household,' she, too, was not, within the intendment of the policy. Thus, Kenneth having been ruled not covered under the liability policy, neither was Frances."

Plaintiff's principal contention is that the Appellate Division improperly applied the doctrine of collateral estoppel. The doctrine of collateral estoppel or estoppel by judgment is an extension of the principle of *res adjudicata,* but there is a fundamental distinction between the two principles which must be borne in mind. The distinction is stated in the much-cited case of *City of Paterson v. Baker,* 51 *N. J. Eq.* 49, at *page* 53 (*Ch.* 1893), wherein the court said:

"There is a plain difference, resting on obvious considerations of justice, as was held in *Cromwell v. Sac County,* 94 *U. S.* 351, 24 *L. Ed.* 195, and again in *Bissell v. Spring Valley, supra* [124 *U. S.* 225,

8 *S. Ct.* 495, 31 *L. Ed.* 411], between the effect of a judgment, as a final and conclusive determination of the rights of the parties, when it is set up in a second action resting on the same claim or demand on which the first was founded, and its effect when it is set up in a subsequent litigation between the same parties, founded upon a different claim or cause of action. In the first, where the second suit is based upon the same claim or demand involved in the first, the judgment in the first must be treated as a finality, 'concluding,' in the language of Mr. Justice Field, in *Cromwell v. Sac County, supra* (94 *U. S.* at *page* 352), 'parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defences actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. * * * But where the second action is upon a different claim or demand, but between the same parties, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action,—not what might have been thus litigated and determined,—' for it is only upon such matters as were actually litigated and determined that the judgment is conclusive."

In the present case the plaintiff's cause of action is separate and distinct from that asserted in the prior litigation between these parties. In the prior action the plaintiff's claim was premised upon the defendant's liability under its insurance policy for the judgment against Kenneth Selger; in the present action the plaintiff's cause of action is predicated upon the defendant's liability for the later judgment against Frances Selger. Consequently, the prior judgment can only raise an estoppel against the plaintiff in the present action as to those questions, issues or facts which were actually litigated and determined in the prior action. *City of Paterson v. Baker, supra; In re Walsh's Estate,* 80 *N. J. Eq.* 565, 569 (*E. & A.* 1909); *Nagle v. Conard,* 96 *N. J. Eq.* 61, 64 (*Ch.* 1924); *Miller v. Stieglitz,* 113 *N. J. L.* 40, 44 (*E. & A.* 1934); *Phillips v. Phillips,*

118 *N. J. Eq.* 189, 191, 192 (*Ch.* 1935), affirmed, 119 *N. J. Eq.* 497 (*E. & A.* 1935); *Stone v. William Steinen Mfg. Co.*, 7 *N. J. Super.* 321, 328 (*Cty. Ct.* 1949), affirmed, 6 *N. J. Super.* 178 (*App. Div.* 1950); *Middlesex Concrete, etc., Corp. v. Borough of Carteret*, 35 *N. J. Super.* 226, 238 (*App. Div.* 1955); *Public Service Elec. & Gas Co. v. Waldroup*, 38 *N. J. Super.* 419, 425 (*App. Div.* 1955); *New Jersey Highway Authority v. Renner*, 18 *N. J.* 485, 494 (1955).

The defendant contends that the question of whether Frances Selger was a resident of Adam's household was a fact in issue in the prior adjudication; that the question was "fully litigated" therein; that the determination of that issue was "necessary" to the judgment rendered and that the determination of Frances' status was an "ultimate fact" that was conclusively determined in the prior action.

█ However, the doctrine of collateral estoppel does not extend to every fact which may have been litigated in the prior action. The doctrine is restricted to matters or facts directly in issue and does not extend to "any matter which came collaterally in question, * * * nor * * * any matter incidentally cognizable, nor * * * any matter to be inferred by argument from the judgment." *Mullaney v. Mullaney*, 65 *N. J. Eq.* 384, 388 (*E. & A.* 1903); *Freeman, Judgments* (5th ed. 1925), § 691. Thus, a distinction must be drawn between those matters or facts which were directly in issue and those described as merely collateral or incidental. *Freeman* suggests the following basis for the distinction between the two:

"The doctrine of estoppel is restricted to facts directly in issue and therefore does not ordinarily extend to facts which may be in controversy, but which rest in evidence and are merely collateral even though they may have been passed upon. 'A fact or matter in issue is that upon which plaintiff proceeds by his action, and which the defendant controverts in his pleadings, while collateral facts are such as are offered in evidence to establish the matters or facts in issue.'

During the trial of a cause, evidence may properly be received of the existence or nonexistence of facts which, though they bear upon

an issue and tend to show on which side of it the truth is, are not, though conceded to exist, necessarily conclusive. It is this class of facts which the courts have usually intended to designate by the terms 'collateral,' 'incidental,' or 'not directly in issue,' and therefore as not being proved or disproved by the judgment, though controverted at the trial, and perhaps passed upon by the court or jury and exercising a controlling effect over the verdict and judgment." [*Id.*, § 690, at *p*. 1457]

*Freeman* also notes with approval the distinction expressed in the early case of *King v. Chase,* 15 *N. H.* 9, 41 *Am. Dec.* 675 (*Sup. Ct.* 1844):

"Any fact attempted to be established by evidence, and controverted by the adverse party, may be said to be in issue, in one sense. As, for instance, in an action of trespass, if the defendant alleges and attempts to prove that he was in another place than that where the plaintiff's evidence would show him to have been at a certain time, it may be said that this controverted fact is a matter in issue between the parties. But this is not the matter in issue, within the meaning of the rule. It is that matter upon which the plaintiff proceeds by his action and which the defendant controverts by his pleadings which is in issue." [*Id.*, § 690, at *p*. 1458]

The distinction to be drawn is perhaps best illustrated by a consideration of the pertinent provisions of *section* 68 of the *Restatement of Judgments.* That section provides:

"(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, * * *.

(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action."

The above rule is expressly limited by *comment* (*p*), § 68, *Restatement of Judgments* (1948 *Supp.*):

"The rules stated in this Section are applicable to the determination of facts in issue, *i. e.*, those facts upon whose combined occurrence the law raises the duty or the right in question, but not to the determination of merely evidentiary or mediate facts, even though the determination of the facts in issue is dependent upon the determination of the evidentiary or mediate facts."

A similar restriction upon the effect to be given "evidentiary facts" is stated in *Mullaney v. Mullaney, supra,* 65 *N. J. Eq.* at *page* 390, as follows:

"A judgment is not conclusive and is no evidence as to facts not in issue in the action, but proof of which is given therein to establish facts in issue."

The illustration following *comment* (*p*) of the *Restatement, supra,* demonstrates the distinction between facts in issue and evidentiary facts:

"A brings an action against B for breach of contract. B denies that he made the alleged contract. At the trial A testifies that on a certain day B signed the contract in New York. C testifies that he saw B in London on that day. Verdict and judgment for B. Thereafter A brings an action against B alleging that B assaulted A on the same day in New York. The judgment in the prior action does not preclude A from proving that B was in New York on the day in question."

Thus, the determination of merely evidentiary or mediate facts, even though the determination of the facts in issue is dependent upon the determination of such evidentiary or mediate facts, is not conclusive in a subsequent action between the parties on a different claim.

*Comment* (*p*) of the *Restatement, supra,* adopts the definition of "an 'ultimate' fact" which was formulated by Judge Learned Hand in *The Evergreens v. Nunan,* 141 *F. 2d* 927, 152 *A. L. R.* 1187 (2 *Cir.* 1944) *certiorari* denied 323 *U. S.* 720, 65 *S. Ct.* 49, 89 *L. Ed.* 579 (1944), 152 *A. L. R.* 1187. In that case Judge Hand said, 141 *F. 2d* at *page* 928:

"It is of course well-settled law that a fact, once decided in an earlier suit, is conclusively established between the parties in any later suit, provided it was necessary to the result in the first suit. *Southern Pacific R. Co. v. United States,* 168 *U. S.* 1, 48, 18 *S. Ct.* 18, 42 *L. Ed.* 355; *Tait v. Western Maryland R. Co.,* 289 *U. S.* 620, 53 *S. Ct.* 706, 77 *L. Ed.* 1405. However, a 'fact' may be of two kinds. It may be one of those facts, upon whose combined occurrence the law raises the duty, or the right, in question; or it may be a fact, from whose existence may be rationally inferred the

existence of one of the facts upon whose combined occurrence the law raises the duty, or the right. The first kind of fact we shall for convenience call an 'ultimate' fact; the second, a 'mediate datum.' 'Ultimate' facts are those which the law makes the occasion for imposing its sanctions."

In applying the foregoing principles to the present case, it must be noted that the prior action was decided upon a motion for summary judgment. The trial court had before it only the complaint, the affidavit of the defendant's attorney and the insurance policy. The complaint alleged that Kenneth was a member of his father's household within the terms of the policy. The affidavit of the defendant's attorney denied this allegation. In support of the denial it alleged that Kenneth resided with his mother, Frances, who was separated from the father, Adam, at the time of the tort. Thus, the only factual issue presented in that proceeding was whether Kenneth was a member of his father's household (aside from whether Kenneth's act was willful which is not pertinent here). The court found that Kenneth was not a resident of his father's household. This was the "fact in issue" that was determined. The question of whether Frances was a resident of Adam's household was not in issue. Consequently, any determination of the facts bearing upon her relation to Adam could only be incidental or collateral to the determination of the "fact in issue," *i. e.*, that Kenneth was not a resident of his father's household. To be sure, the court's determination of the "fact in issue" was dependent upon its finding of the facts that Kenneth was in Frances' custody and that she was separated from and lived apart from Adam. But these were merely evidentiary or collateral facts introduced to establish the fact that Kenneth was not a resident of his father's household. The determination of Kenneth's status is conclusive between the parties. But the determination of the evidentiary or collateral facts relating to Frances' status, even though the determination of the "fact in issue" was dependent thereon, is not conclusive in this action and does not preclude the plaintiff from showing that Frances was

a resident of Adam's household within the terms of the policy.

The defendant further argues that if the doctrine of collateral estoppel is not applicable, it is, nevertheless, entitled to summary judgment as a matter of law, since none of the evidentiary facts are disputed.

The defendant's supporting affidavit was executed by its attorney. In it he relied exclusively upon the doctrine of collateral estoppel, reciting the history of the prior litigation. The affidavit was based upon the assumption that since the facts in regard to Frances' status in relation to Adam were determined in the prior action the determination of those facts in that action is conclusive in the present action. However, in light of our holding that those facts were evidentiary or collateral and, therefore, not conclusive in the present action, it is apparent that there was not a sufficient exposition of the facts bearing upon the relationship between Frances and Adam to warrant the conclusion that as a matter of law she was not a member of his household within the intendment of the insurance policy.

The reason advanced by the trial court for its denial of the defendant's motion for summary judgment was that the facts were not sufficiently developed in the affidavits submitted to permit an intelligent application of the pertinent legal rules. We think the reason assigned for the denial is sound.

It is a fundamental principle that motions for summary judgment are granted with great caution and that it must "palpably" appear there is no factual issue, and that all doubts are resolved against the moving party's affidavits. *Judson v. Peoples Bank & Trust Company of Westfield,* 17 N. J. 67, 74 (1954). The two houses were in close proximity, upon the same tract of land, controlled by Adam. This fact and the lack of proof as to the nature of the relationship between Adam and Frances, leads us to conclude that the facts in regard to their relationship should be fully developed so that the pertinent legal principles may

be applied. *Cross Co. v. Margolies,* 136 *N. J. L.* 453 (*Sup. Ct.* 1947).

Reversed and remanded.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For affirmance*—None.