Dorothy R. THOMAS, Administratrix of
the Estate of George M. Thomas,
Deceased

v.

Harry Ulman FERTICK;  Nick Beucher,
Jr.;  Bess, Inc.;  and Packing House
By-Products Company.

Civ. A. No. 3469.

United States District Court
E. D. Tennessee, S. D.

Jan. 12, 1962.

Gearinger, Banks & Hutcheson, Chattanooga, Tenn., for plaintiff.

Goodpasture, Carpenter, Dale & Woods, Nashville, Tenn., Jess Parks, Noone, Moseley & Noone, Chattanooga, Tenn., for defendants.

WILSON, District Judge.

This is a suit for an alleged wrongful death arising out of an automobile accident. The plaintiff has joined four parties as defendants. Harry Ulman Fertick is sued as the driver of the automobile alleged to have caused the death of the plaintiff's decedent, George M. Thomas. The defendant, Nick Beucher, Jr., is sued as the owner of the automobile driven by Fertick and as his employer, master or principal. The de-

fendant, Bess, Inc., is sued also as an employer, master or principal of Fertick. The defendant, Packing House By-Products Company, is sued as the owner of the automobile driven by Fertick and as his employer, master or principal.

It appears that this automobile accident occurred upon May 1, 1959, near Murfreesboro, Tennessee. It involved a headon collision between the automobile driven by George M. Thomas and the automobile driven by Harry Ulman Fertick. Mr. Thomas was killed in the accident. Mr. Fertick was injured, as was a passenger in his automobile, Merle E. Danielson.

This suit for the alleged wrongful death of Mr. Thomas was brought in this court, while the suits of Mr. Fertick and Mr. Danielson for personal injuries were brought in the State Court. These personal injury actions have heretofore been tried in a consolidated trial, resulting in a verdict in favor of the Thomas Estate, and against Mr. Fertick and Mr. Danielson.

A motion for summary judgment upon the issue of liability has now been filed in this suit by the plaintiff, asserting that the judgment in the State Court cases is res judicata upon this issue.

It appears that this motion must fail.

Although it is admitted, as contended by the plaintiff, that in the case of the guest, Mr. Danielson, the verdict could only be founded upon a finding by the jury that Mr. Thomas was free of any negligence, nowhere has there been any former adjudication that Mr. Fertick was necessarily guilty of negligence. Neither does the verdict in Mr. Fertick's suit necessarily adjudicate this issue.

A part of the misunderstanding apparently arises out of the consolidation on trial of the Fertick and the Danielson suits. Clearly, if the suits had been tried separately, the verdict and judgment in the Danielson case would not be res judicata in this case. Had the Danielson case been tried separately, obviously there would have been no identity either in the cause of action or in the parties. Had the Fertick case been tried separately, while there is an identity as to some of the parties (the matter of privies will not be dealt with here), the suit of Thomas v. Fertick is not the same cause of action as the suit of Fertick v. Thomas.

■ The fact that Fertick v. Thomas is not the same cause of action as Thomas v. Fertick is clearly demonstrated by the fact that Fertick could not assert the former judgment as res judicata to the Thomas suit. Res judicata is normally applicable to defenses, whether asserted or not. A defendant is not permitted to go back and relitigate a suit because he has some other defense not previously asserted. 30A Am.Jur., "Judgments," Sec. 382. A counter-claim or cross-action, however, at least in the absence of a mandatory counter-claim or cross-action requirement, is not barred by a plea of res judicata. This result follows because the original suit and the counter-claim or cross-action are two causes of action, not one. 30A Am.Jur., "Judgments," Sec. 386.

A consolidation upon trial of the Fertick and Danielson cases does not change the above result.

In applying the doctrine of res judicata it is necessary to distinguish between the effect of res judicata in barring a relitigation of the same cause of action on the one hand, and the preclusion of relitigation of issues in separate causes of action on the other hand. A failure of the parties to recognize this distinction in citing authorities in their briefs has resulted in some authority being cited which relates only to cases involving res judicata where there is an identity of the causes of action. Cases involving the application of the doctrine where there is an identity of causes of action can be misleading where there is at most only an identity of issues. This distinction is pointed out and discussed at 30A Am.Jur., "Judgments," Sec. 327 in the following language:

"At the outset of the consideration of the doctrine of res judicata, it must be noticed that there is a wide

difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand or cause of action and its effect to preclude the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action. The rule precluding the relitigation of the same cause of action and the rule precluding the relitigation of the same issues do not necessarily have the same consequences."

■ The rule precluding relitigation of a second action upon the same cause extends not only to matters actually decided in the first action but also to other matters which might have been properly determined. The rule precluding the relitigation of issues or matters determined by a prior judgment in another cause of action operates as an estoppel only as to issues actually and necessarily litigated.

The importance of making the distinction pointed out above is further discussed in 30A Am.Jur., "Judgments," Sec. 373:

"The rule granting conclusiveness to a judgment in regard to issues of fact which could properly have been determined in the action is generally limited to cases involving the same cause of action. Where a second action is upon a different claim, demand, or cause of action the established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein. Accordingly the view is generally taken that before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action."

■ Where the doctrine of res judicata is asserted only as to issues alleged to have been previously litigated, it must appear not only that there is an identity of the parties (including their privies) but also that the precise issue was of necessity litigated in the former action. Upon reflection it is obvious that any other rule would deprive a party of his day in court contrary both to our constitutional and common-law system of trials.

■ As previously stated in this opinion, nowhere has there been a former adjudication that Mr. Fertick was necessarily guilty of negligence. In the absence of special issues, the Court would be required to speculate whether the jury decided one party was at fault, or both parties were at fault, or neither party was at fault. Even if the verdict in the Danielson case were considered, which it cannot be because of the lack of identity as to parties, the result would not be different, for it cannot be said, in the absence of special issues, that the jury necessarily found Mr. Fertick guilty of negligence. Again the Court would have to speculate whether the jury found Mr. Fertick guilty of negligence or whether they only found Mr. Thomas free of negligence.

■ In lawsuits arising out of automobile accidents, a verdict adverse to one driver, in his suit against the other driver, cannot as a general rule be asserted as res judicata on the issue of liability upon a suit by the other driver, in the absence of a special verdict or in the absence of a mandatory counter-claim or cross-action requirement.

In view of the above decision of the Court, it is not necessary to determine whether the defendants, Bess, Inc., Nick Beucher, Jr. or Packing House By-Products, bear the relationship of privies to Mr. Fertick in the former suit. Suffice it to say that employers and principals are generally not such privies to litigation against their employees or agents. 30A Am.Jur., "Judgments," Sec. 429.

Each motion for summary judgment will therefore be overruled. An order will enter accordingly.