William **ALGOOD**, Plaintiff-Appellee,

v.

## NASHVILLE MACHINE COMPANY, INC., Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 26, 1983.

Application for Permission to Appeal Denied by Supreme Court March 28, 1983.

Angus Gillis, III, Keene W. Bartley, Schulman, LeRoy & Bennett, P.C., Nashville, for plaintiff-appellee.

Darrell G. Townsend, John P. Branham, Howell & Fisher, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

We granted this interlocutory appeal by permission to consider the Trial Judge's ac-

tion in granting plaintiff's motion for summary judgment as to the issue of liability.

This case arose when an elevator with some twelve or fifteen passengers either "fell" or made a "controlled descent" to the bottom of its shaft in the James K. Polk State Office Building which was under construction.

Four (4) of the persons on the elevator filed lawsuits claiming personal injuries. These four (4) lawsuits were consolidated for trial.

Several defendants were sued. However, when the consolidated cases came on for trial on March 9, 1981, only two defendants remained, Dover Elevator Company, the elevator manufacturer, and the defendant Nashville Machine Company, Inc. (Nashville Machine), the installer of the elevator.

After the trial of the consolidated cases commenced, two of the plaintiffs entered nonsuits. Later, plaintiff William Algood's case, at his insistence, was severed from the case of *Larry Samuel Hatcher v. Nashville Machine Company, Inc. and Dover Elevator Company.*

Subsequently, a mistrial was declared in the Hatcher case.

In July, 1981, the case of *Larry Samuel Hatcher v. Nashville Machine Company, Inc. and Dover Elevator Company* again came on to be heard. Immediately prior to trial, Hatcher entered a voluntary nonsuit as to Dover Elevator.

The trial resulted in a jury verdict in favor of Hatcher and against Nashville Machine for the sum of $20,000. Subsequently, the Trial Judge granted a remittitur to $12,000.

Thereafter plaintiff Algood filed a motion for summary judgment against Nashville Machine on the issue of liability. In his motion for a summary judgment, plaintiff asserted:

The plaintiff's claim in the Hatcher case arose out of the same accident which is the subject of this lawsuit. Both Hatcher and Algood were passengers on the elevator in question when the subject accident occurred on June 15, 1978. There are no

defenses applicable in the Algood case which were not applicable in the Hatcher case. Therefore, the defendant, Nashville Machine Company, Inc., should be collaterally estopped from denying its liability and the cause should be set for trial strictly on the issue of damages.

Defendant Nashville Machine insists that the Trial Court erred in granting plaintiff's motion since the offensive use of collateral estoppel has been "rejected by the appellate courts of Tennessee."

Plaintiff relies on *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), as being "[t]he leading case dealing with the offensive use of collateral estoppel." Insofar as the federal courts are concerned, we fully agree. However, the appellate courts of this state have not seen fit to adopt the rule allowing the offensive use of collateral estoppel. Both this Court and the Supreme Court of Tennessee have held that under circumstances such as are present in the instant case, it is error to allow collateral estoppel. *Cole v. Arnold,* 545 S.W.2d 95 (Tenn.1977); *Booth v. Kirk,* 53 Tenn.App. 139, 381 S.W.2d 312 (1963). *See also, Usrey v. Lewis,* 553 S.W.2d 612 (Tenn.App.1977).

In *Booth v. Kirk,* Kirk was an unconscious passenger in an ambulance driven by Booth when the ambulance collided with an automobile driven by Lloyd McCluen at an intersection in the City of Rockwood.

McCluen sued Booth for injuries and property damage allegedly resulting from Booth's negligence. The jury returned a verdict for McCluen and against Booth. Kirk then sued Booth and, at the beginning of the trial, the trial judge ruled as follows:

"The facts involved in this accident, and the question of direct and proximate cause of the accident between the defendants' ambulance and Mr. McCluen's automobile have already been adjudicated in the suit brought in this Court by Mr. McCluen against these same defendants. * * * and is the law of this case in so far as the collision and the causation of it,

and the liability of the defendants for the consequence of it is concerned."
*Booth,* at 142, 381 S.W.2d at 313.

The case was allowed to go to the jury on the question of damages only. After a judgment was entered on the jury's verdict for plaintiff Kirk, defendants appealed and assigned as error the trial court's holding that they were collaterally estopped from contesting liability based on the McCluen judgment.

In reversing the trial court, the Eastern Section of this Court stated:

The doctrine of collateral estoppel or estoppel by judgment is an extension of the principle of *res judicata,* and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment. *Cline v. Cline,* 37 Tenn.App. 696, 270 S.W.2d 499, 502; *Thomas v. Fertick,* 200 F.Supp. 851 (E.D.Tenn.S.D.); *Mazzilli v. Accident & Casualty Ins. Co., etc.,* 26 N.J. 307, 139 A.2d 741; Anno. 88 A.L.R. 574; 30A Am.Jur., *Judgments,* Sec. 373, p. 418; *Restatement of Judgments,* Sec. 93; *Scott, Collateral Estoppel by Judgment,* 56 Harvard Law Review 1.

In situations involving multiple claims growing out of the same accident, the courts, with but few exceptions, have held that the doctrine of collateral or judicial estoppel has no application. As stated in 23 A.L.R.2d 717:

"Most courts of last resort which have considered the question have continued to hold, in conformity with the rule announced in the earlier annotation, that a judgment for the plaintiff in an action growing out of an accident was not res judicata, or conclusive, as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident, by a different plaintiff against the same defendant." See also 133 A.L.R. 185.

In *Suggs v. Alabama Power Co.,* 271 Ala. 168, 123 So.2d 4, the Court held that the doctrine was not applicable where multiple claims arose out of the same accident and stated the general rule, as follows:

"As we see it, the controlling principle is that a judgment in a suit by one of several persons injured by the same tort-feasor will not operate as an estoppel in favor of or against the other injured persons in their separate causes of action against the tort-feasor. 'It is a general rule that an adjudication takes effect only between those who are parties or privies to the judgment, and that it gives no rights to or against third parties.' *Freeman on Judgments,* 5th Ed. Sec. 407, p. 887." See also Restatement on Judgments, Sec. 93 and comment on pages 464–466; 50 C.J.S. *Judgments* Sec. 765, p. 293 et seq; 30A Am.Jur., *Judgments,* Sec. 371, page 411–416.

\*      \*      \*      \*      \*      \*

"In other words, even though the identical issue as to negligence vel non of the tort-feasor has already been resolved in another case, the other injured persons and the tort-feasor are not estopped to plead negligence or the absence of negligence, as the case may be, in the trial of the subsequent suits. To be effectual there must be mutuality of estoppels. To hold that the tort-feasor cannot interpose an estoppel in the later cases, after being found not guilty of negligence in the first case, but would be bound in the later cases by a finding of his negligence in the first case would, on its face, be unfair and unjust, and do violence to the principle requiring mutuality of estoppels."
*Id.,* at 143–145, 381 S.W.2d at 314–315.

In *Cole v. Arnold,* our Supreme Court affirmed the rule in *Booth v. Kirk,* stating:

A comprehensive discussion of the doctrine of collateral estoppel or estoppel by judgment is set forth in *Booth v. Kirk,* 53 Tenn.App. 139, 381 S.W.2d 312 (1964), where the court held that a judgment for

a plaintiff is not conclusive, as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident, by a different plaintiff against the same defendant. In doing so, the court opted for the general rule that the doctrine of collateral estoppel or estoppel by judgment, which is an extension of the principle of *res judicata,* is applicable only where it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties. See 23 A.L.R.2d 717 and 133 A.L.R. 185.

*Cole,* 545 S.W.2d at 97.

Plaintiff argues that this Court, in *Booth v. Kirk,* overlooked *Hammons v. Walker Hauling Co., Inc.,* 196 Tenn. 26, 263 S.W.2d 753 (1953), and that "an attempt was made to distinguish *Cantrell v. Burnett and Henderson Co.,* 187 Tenn. 552, 216 S.W.2d 307 (1948)."

Neither *Hammons* nor *Cantrell* have to do with offensive collateral estoppel. *Hammons* involved the unsuccessful attempt of the use of defensive collateral estoppel, and *Cantrell* involved the successful use of defensive collateral estoppel.

In *Parklane Hosiery,* the United States Supreme Court, while concluding that the "preferable approach for dealing with the problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied," set forth reasons why offensive and defensive collateral estoppel should be treated differently.

First, offensive use of collateral estoppel does not promote judicial economy in the same manner as defensive use does. Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely "switching adversaries." *Bernhard v. Bank of America Nat. Trust & Savings Assn.,* 19 Cal.2d, [807] at 813, 122 P.2d, [892] at 895. Thus defensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible.

Offensive use of collateral estoppel, on the other hand, creates precisely the opposite incentive. Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude, in the hope that the first action by another plaintiff will result in a favorable judgment. *E.g., Nevarov v. Caldwell,* 161 Cal.App.2d 762, 767–768, 327 P.2d 111, 115; *Reardon v. Allen,* 88 N.J.Super. 560, 571–572, 213 A.2d 26, 32. Thus offensive use of collateral estoppel will likely increase rather than decrease the total amount of litigation, since potential plaintiffs will have everything to gain and nothing to lose by not intervening in the first action.

A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant. If a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable. *The Evergreens v. Nunan,* 141 F.2d 927, 929 (CA2); cf. *Berner v. British Commonwealth Pac. Airlines,* 346 F.2d 532 (CA2) (application of offensive collateral estoppel denied where defendant did not appeal an adverse judgment awarding damages of $35,000 and defendant was later sued for over $7 million). Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant. Still another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.

*Parklane Hosiery,* 439 U.S. at 329–331, 99 S.Ct. at 650–651, 58 L.Ed.2d at 561–562. While the Court in *Parklane* has, insofar as the federal system is concerned, granted trial courts "broad discretion to determine when" offensive collateral estoppel should

be applied, we are persuaded by the foregoing that the better rule is that announced in *Booth v. Kirk* and affirmed in *Cole v. Arnold.*

In any event, the Tennessee Supreme Court has spoken and it is, therefore, not for this Court to change the rule. If it is to be changed, either the Supreme Court or the legislature must make the change.

The judgment of the Trial Court is reversed and the cause remanded for trial as to the issues of liability and damages. Costs of this appeal are taxed to plaintiff Algood.

TODD, P.J. (M.S.), and CANTRELL, J., concur.