ROOSEVELT CALDWELL B/N/F et al.

*v.*

ELMER KELLY

(*Nashville,* December Term, 1956.)

Opinnion filed May 3, 1957.

Rehearing Denied June 7, 1957.

HARVEY M. YAFFE, DAVID D. SILBERBERG and J. E. MADDEN, Memphis, for plaintiffs-in-error.

SHEPHERD, HEISKELL, WILLIAMS, BEAL & WALL, Memphis, for defendants-in-error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Roosevelt Caldwell was allegedly injured in a traffic accident in which there was involved a truck belonging to John Thomas Fawcett, and being driven at the time on Fawcett's business by Fawcett's servant, Elmer Kelly. Suits were instituted in behalf of Caldwell, a minor, and by his parents, against both Kelly, the servant, and Fawcett, the master. After a trial on the merits of the cases consolidated, the jury returned verdicts in favor of the defendants Kelly and Fawcett, and judgments in accordance were entered. The Court of

Appeals reversed, and ordered a new trial. Acting upon Fawcett's petition for *certiorari,* this Court reversed the Court of Appeals, and affirmed the judgment of the Circuit Court.

By oversight, *certiorari* was not sought for Kelly, the servant. This Court, therefore, had no jurisdiction of him in the *certiorari* proceedings. So, when the case was called to the attention of the Trial Court again by reason of the procedendo from the Court of Appeals as to Kelly, it, the Trial Court, sustained the motion of Kelly to dismiss the suits of the Caldwells against him. The Caldwells have appealed.

The controlling facts are as stated in the Trial Court's opinion as to why it dismissed the suits as follows:

"That the liability, if any, of John Thomas Fawcett, owner of the truck and employer of Elmer Kelly, the driver of the truck, depends entirely upon the negligence, if any, of his employee, Elmer Kelly, by application of the doctrine of respondeat superior;

"That there was no issue of fact presented to the jury as to the agency or scope of employment of the driver, Elmer Kelly, it being admitted by the defendant, John Thomas Fawcett, that Elmer Kelly was his employee and agent, acting about the business of his employer and within the scope of his employment, and this Court expressly charged the jury that the negligent act of the defendant, Elmer Kelly, if any, would be the negligent act of the defendant, John Thomas Fawcett".

█ Any fact or facts with reference to this traffic accident which would have rendered the servant, Kelly,

liable would have rendered the master, Fawcett, liable. An adjudication, therefore, against the Caldwells that the master, Fawcett, was not liable to the Caldwells by reason of this traffic accident is an adjudication, in legal effect, that the servant, Kelly, is not liable to the Caldwells by reason of this accident. The appeal is, therefore, controlled by *Cantrell v. Burnett & Henderson Company,* 187 Tenn. 552, 216 S.W.2d 307, 309.

 In that case, the Hudson Motor Company, as manufacturer, sold to Burnett & Henderson Company, as distributor, at Jackson, an automobile which the distributor sold to Cantrell. This car was subsequently destroyed by fire. Then Cantrell sued both the distributor and the manufacturer on the theory of a defectively constructed, and so delivered, automobile. A directed verdict let Hudson out. The jury found against Cantrell in favor of the distributor and judgment was entered accordingly. Subsequently Cantrell sought to again try the issue stated against Hudson on the theory that the Trial Court erred in its previous order directing a verdict as to Hudson. It was not permitted to do so, for the reason that it had been judicially determined that the car was not defective when delivered by the distributor to Cantrell; therefore, not defective when delivered to this distributor by the manufacturer. In so holding this Court stated the applicable rule thus:

" 'It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata and* may not again be litigated in

a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action * * *'.''

This Cantrell case is conclusive against the Caldwells on the issue presented by their appeal. It is not amiss, however, to note that several cases on all fours with the case at bar are briefed in 133 A.L.R. 196 et seq. under this statement:

"It is prevailing rule as regards action growing out of an accident, in which liability is claimed on the ground of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is *res judicata,* or conclusive, as to such issue of negligence, in a subsequent action against the other, a derivative responsibility being present."

One of the cases there discussed is *Wolf v. Kenyon,* 242 App. Div. 116, 273 N.Y.S. 170, 174, wherein the Court said:

"The plaintiff here elected first to bring action against the master alone. In that action, the issues were the negligence of the servant and the freedom from contributory negligence of the plaintiff. The plaintiff now seeks to try those same identical issues again. He has had one day in court on them and now seeks a second. A court of competent jurisdiction has once decided that the plaintiff had no cause of action based upon these alleged issues. Upon both principle and precedent the plaintiff cannot succeed. Order should be affirmed, with cost."

The latest annotation we have been able to find on

the question is in 23 A.L.R.2d commencing at page 731. There, the headnote is this:

"The courts have continued to adhere to the rule that where liability in actions growing out of an accident is claimed because of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is *res judicata,* or conclusive, as to such issue of negligence in a subsequent action against the other, a derivative responsibility being present."

It cites decisions so holding from seven additional jurisdictions.

The brief submitted in behalf of the Caldwells has cited a number of Tennessee decisions in support of their appeal. These are cases in which one or more defendants did not appeal from a judgment rendered against them in a case wherein other defendants did appeal. They are not in point here. There is no judgment in this case against Kelly.

Affirmed with costs adjudged against plaintiffs-in-error.