**Theron FOURAKRE, Plaintiff-Appellee,**

v.

**James D. PERRY, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 16, 1983.

Permission to Appeal Denied by Supreme Court March 19, 1984.

Jack B. Henry, Pulaski, for defendant-appellant.

Charles R. Terry, Morristown, J. Ronnie Greer, Greenville, for plaintiff-appellee.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.

(With the Concurrence of Participating Judges, The Original Opinion Has Been Abridged For Publication)

This is an action for the wrongful death of plaintiff's wife in a collision of vehicles operated by plaintiff and defendant respectively.

The defendant, James D. Perry, has been granted an interlocutory appeal from an order of the Trial Court overruling defendant's "motion to dismiss".

The collision occurred on August 24, 1980, at the intersection of State Highway 64 and Tollgate Road. Prior to the collision, the vehicles were meeting each other on Highway 64 when plaintiff attempted to turn left across the path of defendant who was a State Trooper operating a State Patrol Vehicle on an emergency call with emergency warning devices operating.

On August 19, 1981, plaintiff filed the present action against the defendant trooper who filed an answer denying negligence and a counterclaim for his own injuries.

On March 25, 1983, defendant filed an "amended answer" and a motion to dismiss as follows:

On February 9, 1983, in an action then pending in The Board of Claims for the State of Tennessee in re The Claim of Theron Fourakre, Individually and as a Surviving Husband of Jacquelyn Fourakre, Deceased, and on the same cause of action as that set forth in the Complaint herein, final judgment was duly given and made on the merits of the case, the Board finding that there is not sufficient evidence to show that Trooper Perry (the defendant herein) was negligent in the operation of his emergency vehicle under the circumstances surrounding this claim.

Defendant, therefore, moves the Court for an Order dismissing the Complaint herein since the cause of action set forth in plaintiff's Complaint is barred by said judgment, which is res judicata as to this action.

A transcript included in this record recites that a hearing was conducted on April 14, 1983. The transcript contains no testimony or other evidence, but is composed only of argument of counsel which begins as follows:

MR. GREER: We are here today on Defendant's motion to dismiss, your honor, in this case, for the reason that a prior adverse claim by the Board of Claims for the State of Tennessee is a bar to the instant action in the Circuit Court.

The transcript, especially the statements of plaintiff's counsel, has been carefully searched for any statement of counsel which might waive the presentation of evidence to support the "motion to dismiss", which was in reality a motion for summary judgment. None has been found.

Appellant's brief contains a section entitled "Statement of the Case/Statement of the Facts" in which the following is found:

On the 27th day of March, 1981, the plaintiff filed a claim with The Board of Claims for the State of Tennessee seeking to recover for the alleged wrongful death of his wife due to the defendant's negligence. The plaintiff sought recovery for his personal injuries, medical and funeral expenses, loss of consortium of his deceased wife, loss of his automobile, and loss of wages.

A hearing was held before The Honorable Weldon White, former Assistant Attorney General for the State of Tennessee on July 1, 1981. Mr. Fourakre was represented at this hearing by Mr. Jack Henry and Mr. Joe Henry, Jr. Mr. Perry was represented by Mr. Michael Thompson, staff attorney for the Tennessee Department of Safety.

Based upon the transcript of this hearing and the exhibits filed in this matter, Karen Kendrick, staff attorney, prepared a report to The Board of Claims, dated July 23, 1982, and recommended that Mr. Fourakre's claim be disallowed since the evidence did not show that Trooper Perry was negligent in the operation of his vehicle under the emergency circumstances which existed. Exceptions to this recommendation were duly filed and were heard before the full Board of Claims in Nashville on October 20, 1982.

Upon its review of the record in this claim, including the exception hearing of October 20, 1982, and the transcript of the proceedings before General White, the Board determined "that there is not sufficient evidence to show that Trooper Perry was negligent in the operation of his emergency vehicle under the circumstances surrounding this claim," and disallowed Mr. Fourakre's claim on February 9, 1983, in a unanimous decision.

The brief of appellee contains the following:

## ISSUES PRESENTED FOR REVIEW

### STATEMENT OF THE CASE

Appellee finds no fault with Appellants statement of this case. There is only one issue presented for review, and that is the one raised in the Trial Court, which was, in the filing of a claim before the State Board of Claims against the State res judicata as to a civil action in the Circuit Court of Giles County against the driver?

The issues are stated by appellant as follows:

I. Whether the overriding policy considerations which require the application of the doctrines of Res Judicata and collateral estoppel to the decisions of a court of law are equally applicable to the judicial determination of an administrative agency.

II. Whether a carefully considered determination by the Board of Claims merits application of the principle of Res Judicata and collateral estoppel.

III. Whether the doctrine of election of remedies precludes a plaintiff, who willingly allows his claim to be fully litigated before the Board of Claims, from pursuing an identical cause of action before the Circuit Court.

The issues just stated were not formally presented to the Trial Judge by pleading, but it appears from the transcript that these issues were fairly presented to the Trial Judge in an informal, oral manner. Therefore, in order to avoid further inconvenience to counsel and the Trial Court, this Court will endeavor to dispose of the

issue presented in spite of the evidentiary deficiencies of the record:

■ Where an issue has been finally determined, the principle of Res Judicata prevents a relitigation of that issue whether in the same or independent action. *Hicks v. Hicks,* 26 Tenn.App. 641, 176 S.W.2d 371 (1944).

■ Material facts which were in issue in a former action and which were judicially determined are conclusively settled by a judgment in such former actions, and such facts may not again be relitigated in a subsequent action between the same parties or their privies. *Medlock v. Ferrari,* Tenn.App.1979, 602 S.W.2d 241.

In the case of *Schoolfield v. Tenn. Bar Assn.,* 209 Tenn. 304, 353 S.W.2d 401 (1961) the Supreme Court held that the findings of the Senate of Tennessee in impeachment proceedings regarding the conduct of a judge were conclusive against the same individual in a subsequent disbarment proceeding before the Courts.

In *Polsky v. Atkins,* 197 Tenn. 201, 270 S.W.2d 497 (1954) the Supreme Court held that the doctrine of Res Judicata was applicable to a decision of the Commissioner of Finance and Taxation acting in an adjudicatory capacity.

In *Purcell Enterprises, Inc. v. State of Tennessee and Tennessee State Board of Claims,* Tenn.App.1982, 631 S.W.2d 401, this Court held that the doctrine of Res Judicata applied to a final decision of the State Board of Claims.

Appellee concedes in his brief that a final decision of an administrative agency creates estoppel under the doctrine of Res Judicata.

However, appellee asserts that the doctrine of Res Judicata does not apply in the present case because the parties before the Board of Claims are not the identical parties to the present case.

■ The general rule is that estoppel by former adjudication applies only in proceedings involving identical parties and issues. *Clements v. Pearson,* 209 Tenn., 223, 352 S.W.2d 236 (1962). *Usrey v. Lewis,* Tenn.App.1977, 553 S.W.2d 612. It is also the general rule that a party who participated in former litigation may be bound by collateral estoppel as to issues decided adversely to him in the former litigation.

In *Cantrell v. Burnett and Henderson Co.,* 187 Tenn. 552, 216 S.W.2d 307 (1948), a purchaser of an automobile sued a manufacturer and dealer for the destruction of the vehicle by fire allegedly as a result of a defect in the vehicle. The trial judge directed a verdict for the manufacturer for lack of privity of contract and submitted the case against the dealer to the jury on the sole question of whether or not, at the time of sale to plaintiff, there was a defect in the automobile which caused a fire. The jury found for the dealer on this question and the judgment in this respect was ultimately affirmed on appeal. Nevertheless, the plaintiff complained to the Supreme Court as to the dismissal of his suit against the manufacturer. The Supreme Court declined to review the correctness of the *reason* for the directed verdict holding in essence that the error, if any, was harmless because the jury had found that there was no actionable defect at the time of delivery to plaintiff and that the manufacturer could have no liability if there was no defect.

Said opinion contains the following observations:

"In order to render a verdict in one action evidence in another, it is not necessary that the parties should be the same. It is sufficient if the party against whom the verdict is intended to be introduced was a party to the former suit, and that the same subject matter was directly put in issue by the pleadings."

"It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes Res Judicata and may not again be litigated

in a subsequent action between the same parties or their privies.

"It has been declared that privity within the meaning of the doctrine of Res Judicata is privity as it exists in relation to the subject matter of the litigation."

In our case of *Loveman Co. v. Bayless*, 128 Tenn. 307, 316, 160 S.W. 841, 843, Ann.Cas. 1915C, 187, in considering the same question, this Court said:

"That every one is entitled to his day in court, and no more, on the same cause of action; that he has enjoyed this right when he has contested the matter with persons committing the wrong and primarily liable, and has been cast in such suit; that to permit him after this to contest the matter with one only secondarily liable would be to give him two suits upon the same cause of action. It is said to be a branch of the law of *res adjudicata*, but *not requiring that the parties should be the same, or those strictly in privity.*" (Emphasis added.)

In that case it was held that when the servant is sued solely for a tort and a verdict is rendered in favor of the defendant servant, then, if the master is sued only for the same tort based on this conduct of his servant, he is entitled "to a discharge from such claimed liability."

It is noted that the situation of master and servant in the foregoing quotation is the reverse of the present situation. That is, the Court said that the prior discharge of the servant would estop a suit against the master for the wrong of the servant; whereas, the present case involves the prior discharge of the master as estoppel to a suit against the servant.

■ The servant may not in every case claim estoppel because of the discharge of the master because the master may have been discharged on grounds other than innocence of the servant, as, for example, lack of proof that the servant was on the master's business.

■ Where, however, as in the present case, the discharge of the master was expressly based upon failure to prove negligence of the servant, then the plaintiff is not privileged to relitigate the issue of negligence of the servant in a subsequent proceeding.

In 50 C.J.S., Judgments, § 765, PP. 293, 294 is found the following text.

Subject to some exceptions based on reason and practical necessity, it is a rule that estoppels must be mutual; and, therefore, a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as the foundation of a claim, had the judgment been the other way; and conversely no person may claim the benefit of a judgment as an estoppel on his adversary unless he would have been prejudiced by a contrary decision of the case. However, it is not essential to mutuality that the estoppel shall operate on the different parties in the same manner.

A well recognized exception to the rule of mutuality exists where the liability of defendant is altogether dependent on the culpability of one exonerated in a prior suit on the same facts, when sued by the same plaintiff. In such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct action. It has also been held that the requirement of mutuality must yield to public policy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit.

The 1983 Supplement to 50 C.J.S. supplies text in addition to the above as follows:

In some jurisdictions the doctrine of mutuality of estoppel has been abandoned and it no longer prevails.

.    .    .    .    .

Such doctrine has been abandoned in favor of a test calling for the application

of collateral estoppel whenever a party against whom a prior judgment is asserted has had a fair and full opportunity to litigate the issue in the prior suit, and one who has had no opportunity to contest an issue is not bound by an adverse ruling in another suit.

To the same effect is 46 Am.Jur.2d Judgments §§ 522, 523, pp. 674, 675, 676.

■ In the former proceeding before the Board of Claims, the plaintiff was the same as in the present case, but the defendant was the State of Tennessee, the employer of the state trooper, who is the defendant in the present case. The employee defendant in the present case was not a party before the Board of Claims.

Thus, there is no "mutuality of estoppel" in that the state trooper who was not a party to the action before the Board of Claims (indeed could not be) cannot be estopped by the action of the Board because he had no opportunity to litigate any issue before the Board. The trooper invokes estoppel against the plaintiff herein because he (the plaintiff) was a party with opportunity to litigate before the board the identical issue in the present case, i.e. the negligence of the trooper.

The negligence of the trooper was the only issue before the Board. Apparently no question was made as to the agency of the trooper at the time of the subject collision. The judgment of the Board of Claims plainly indicates that its decision favorable to the employer—State was based upon plaintiffs' failure to prove negligence of the employee trooper, the defendant herein.

The plaintiff submitted the issue of negligence of the servant to a tribunal having full authority to decide that issue. It was decided adversely to plaintiff. Plaintiff has had his day in court on that issue, and may not have another.

There is one other aspect of this case that causes concern, and that is the question of whether the application of the foregoing rules result in an unconstitutional denial of trial by jury.

■ A party to a civil case may waive the right to trial by jury with the consent of the opposite party. *Taylor v. Wells,* 108 Tenn. 719, 69 S.W. 266 (1902), 50 C.J.S., Juries, § 85, p. 790.

■ The right to a jury trial in a civil case may be waived by acquiescence in trial on the equity docket. *Elkhart Carriage and Motor Car Co. v. Partin,* CCA Tenn. 1926, 9 F.2d 393.

■ The right may be waived by submission of the case to arbitration. 50 C.J.S. Juries § 92, P. 799.

■ The right may be waived by agreeing to a reference. 50 C.J.S. Juries § 93, p. 799.

■ The right may be waived by proceeding in equity. 50 C.J.S. § 107 b., p. 817.

The question under consideration is rendered more difficult by the peculiar procedural situation in the present case. Plaintiff asserted a common law negligence claim against the employee-trooper which cannot be prosecuted before the Board of Claims and must be prosecuted before a Circuit Court. Plaintiff asserted a statutory claim against the employer, State of Tennessee for the common law negligence of its employee, the trooper, which could not be prosecuted before the Board of Claims. Both claims were for the same damages but could not be prosecuted before the same tribunal in a single suit. If the circuit court case against the trooper had been tried first, an unfavorable jury verdict would have estopped plaintiff's claim against the State; but a verdict for the plaintiff would not have been binding upon the State because it was not a party to the circuit court case. Since the case against the State before the Board of Claims was heard first and decided against plaintiff on the ground stated, plaintiff is estopped against further prosecuting his claim against the trooper in circuit court because plaintiff was a party to the Board of Claims proceeding. If the Board of Claims decision had been favorable to the plaintiff, the trooper would not be estopped

to defend the circuit court suit because he was not a party to the case before the Board of Claims.

The foregoing analysis does appear to be unfairly weighted against the plaintiff. However, the plaintiff could have preserved his right to a jury trial by requesting a delay in the Board of Claims proceeding until after the completion of the jury trial in circuit court. If such a delay had been refused, and plaintiff had been forced to trial before the Board of Claims over his objection, then the Courts might be inclined to preserve plaintiff's right to a jury trial in circuit court. This, of course, did not occur; but the possibility of the occurrence is mentioned to point out that, even in these unusual circumstances, plaintiff might have preserved his right to a jury trial and did not do so.

By his participation in the non-jury proceeding before the Board of Claims, plaintiff waived a jury trial as to all issues of fact in his claim against the State; and, as to such issues, he waived a jury trial in respect to his claim against the trooper.

An analogous situation would arise where an employee claims injury in an automobile accident while on the business of his employer. He files suit under the worker's compensation act in which suit he is not entitled to a jury. If his suit is dismissed with a specific finding that he was not injured in the accident in question, his suit against a third party driver of the other vehicle in the same accident would be barred under the doctrine of res judicata without an opportunity of a jury trial.

The judgment of the Trial Court overruling defendants "motion to dismiss" (motion for summary judgment) is reversed. The cause is remanded for the entry of a summary judgment dismissing the suit of plaintiff because the determinative issue therein (negligence of the trooper) has been heretofore adjudicated by the State Board of Claims. Costs of this appeal are taxed against appellee.

Reversed and Remanded.

CONNER and CANTRELL, JJ., concur.