IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**LEZLEY M. JOHNSON,**

Plaintiff-Appellant,

Vs.

**KENNETH R. DOWNING,**

Defendant-Appellee.

FILED

Shelby Circuit No. 55658
C.A. No. W1998-00549-COA-R3-CV

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE JOHN R. MCCARROLL, JUDGE


John R. Johnson, III of Memphis
Carlton Barnes of Memphis
For Appellant

R. Layne Holley;
McNabb, Holley, Waldrop & Bragorgos, PLLC of Memphis
for Appellee


*REVERSED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**


This is a personal injury case. Plaintiff, Lezley M. Johnson, a Memphis police officer,

appeals from the order of the trial court granting defendant, Kenneth R. Downing's motion for summary judgment.

On September 12, 1992, at the intersection of Winchester and Lamar in Memphis, Shelby County, Tennessee, plaintiff-appellant, Lezley M. Johnson, a Memphis police officer, was involved in an automobile accident with the vehicle driven by defendant-appellee, Kenneth R. Downing. The collision occurred when Downing attempted to make a left hand turn from Winchester on to Lamar and drove his vehicle in front of Johnson's vehicle. Johnson contends that she had a green light, and Downing contends that he had a green arrow.

Johnson's complaint alleges permanent injury to her right leg, including a severe fracture of the right ankle, loss of income, loss of earning capacity, and permanent disability.

Downing and his wife filed a separate action in the Circuit Court of Shelby County against Johnson and the City of Memphis under the Governmental Tort Liability Act. T.C.A. § 29-20-101 - T.C.A. § 29-20-407 (1980 and Supp. 1998). Johnson was dismissed as immune. Johnson was not represented by her current counsel in that action, but was called to testify by an Assistant City Attorney representing the City of Memphis. Judgment was rendered in favor of the plaintiffs in that case. The trial judge found Downing to be guilty of ten (10%) percent of the negligence and Johnson to be guilty of ninety (90%) percent of the negligence in causing the accident. Although the city appealed that case, it is now a final judgment.

In the instant case, Downing filed a motion for summary judgment based on the doctrine of collateral estoppel. The trial court granted Downing's motion, finding that the prior judgment in ***Downing v. City of Memphis***, is res judicata as to Johnson's claim against Downing. The order provides in pertinent part:

> From all of which it appears to the Court that a prior judgment granted in the case of ***Kenneth Downing v. City of Memphis***, which involved the same automobile collision at issue herein and involved testimony concerning the actions of the same individuals who are parties in this case. That judgment determined that Lezley Johnson, a City of Memphis police officer, was guilty of more than fifty percent (50%) of the fault which caused the automobile collision. The Court is of the opinion that such judgment is res judicata as to the claim of Lezley Johnson against Kenneth Downing in this case.
>
> The court further finds that the provisions of the Governmental Tort Liability Act, which were applicable to the case of ***Downing v. City of Memphis***, did require a separate bench trial for the governmental entity; and the court further finds

2

from statement of counsel for the parties that the City of Memphis would not consent to trying both of these cases in one proceeding before one judge and one jury.

The issue on appeal is whether the previous decision of the Circuit Court of Shelby County, sitting without a jury as required by the GTLA, T.C.A. § 29-20-307 (1980), precludes the plaintiff from litigating her case against the defendant.

Summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. There is no dispute of material facts as to the issue presented for review. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Johnson contends that the doctrines of inconsistent verdict, collateral estoppel and res judicata do not apply in the instant case.[1] Johnson asserts that the parties in this case are not identical to the parties in *Downing v. City of Memphis*. In that suit Johnson was sued along with the City of Memphis by Downing, but was dismissed as immune. Johnson argues that she is not in privity of estate or of contract with the defendant, the City of Memphis, as she is not an executor, administrator, donor or donee, lessor or lessee.[2]

---

[1]     While *Downing v. City of Memphis* was on appeal, Downing filed a motion to stay proceedings grounded in the theory of "inconsistent verdict"; his motion for summary judgment utilized an argument based on "collateral estoppel"; and the summary judgment was granted on grounds of "res judicata".

[2]     Appellant cites *Cotton v. Underwood*, 442 S.W.2d 632 n.1 (Tenn. 1969) defining "privies" in the context of collateral estoppel as:

> [p]ersons who are partakers or have an interest in any action or thing, or any relation to another. *Wood, Inst. b. 2, c. 3, p. 255; Co. Litt. 271a.* There are several kinds of privies: namely, privies in blood, as the heir is to the ancestor; privies in representation, as is the executor or administrator to the deceased; privies in estate, as the relation between the donor and donee, lessor and lessee; privies in respect to contracts; and privies on account of

Johnson further asserts that her rights and those of the City of Memphis are not the same. The rights of the City of Memphis, as a governmental entity, include the right to a bench trial. Johnson is entitled to a trial by jury, a right secured by the Tennessee Constitution[3], which she demanded and has never waived.

In summary, Johnson argues that the prior decision by the a trial Judge, hearing only the facts of the prior case pertaining to liability of the City of Memphis, should not bar her from having her day in court.

Downing contends that Johnson's status as a city employee was dispositive of Downing's claim against her in the prior action and that her status of city employee, remains with her in this action. Downing contends that since Johnson was found immune and dismissed from the suit in which her employer was held liable based on a finding of her negligence of more than fifty (50%) percent, the issue of her fault is precluded from relitigation under Tennessee comparative fault law. Downing argues that the trial court correctly granted his motion for summary judgment, holding that the prior finding of Johnson's fault " is res judicata as to the claim of Lezley Johnson against Kenneth Downing".

The Tennessee Supreme Court stated in *Cole v. Arnold*, 545 S.W.2d 95, 97 (Tenn. 1977):

> the doctrine of collateral estoppel, or estoppel by judgment, which is an extension of the principle of Res judicata, is applicable only where it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties.

Collateral estoppel is asserted to prevent relitigation of identical issues that have been necessarily determined in a prior action between the parties or their privies. *Blue diamond Coal Co. v. Holland-Am. Ins. Co.*, 671 S.W.2d 829, 832 (Tenn 1984). The doctrine may be invoked even in cases where the cause of action is different from the prior cause of action, *Dickerson v. Godfrey*, 825 S.W. 2d 692, 694 (Tenn. 1992), as long as the determination of the issue was

---

estate and contract together. *Prest. Conv. 327.* Privies have also been divided into privies in fact and privies in law. *8 Co. 42b. See Viner, Abr. Privity: 5 Com.Dig. 347; Hamm. Part. 131; Woodf. Landl. & T. 279; 1 Dane, Abr. c. 1, art. 6.* The latter are created by the law casting land upon a person, as in escheat; *1 Greenl. Ev. § 189. Vol. 3 Bouv.Law Dict., Rawle's Third Revision, p. 2714.*

[3] **§. 6. Trial by Jury - Qualifications of jurors.-** That the right of trial by jury shall remain inviolate, and no religious or political tests shall ever be required as a qualification for jurors. Tennessee Const. art.1 § 6.

necessary to support the judgment. ***Shelley v. Gipson***, 200 Tenn. 1, 400 S.W. 2d 709, 714 (Tenn. 1966). The burden of proof lies on the party seeking to invoke the doctrine, ***Dickerson v. Goodfrey***, 825 S.W.2d 692, 695 (Tenn. 1995), and requires that the party successfully demonstrate:

> 1. that the issue sought to be precluded is identical to the issue decided in the earlier suit; 2. that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit; 3. that the judgment in the earlier suit has become final; 4. that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; and 5. that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue now sought to be precluded.

***Beaty v. McGraw***, No. 01A01-9701-CV-00046 at *4, 1998 WL 855516 (Tenn. App. 1998) (citations omitted).

We agree with the Appellee that the issue sought to be precluded here is the same issue that was decided on the merits by the final order in the previous action. However, we find that the fourth and fifth criteria enumerated by the ***Beaty*** court are not met. We find that the requisite privity does not exist between the Appellant and her employer for the application of collateral estoppel. We further find that Appellant did not receive a full and fair opportunity to represent her interests in the issue that Downing seeks to preclude. Our reasoning set forth below is based on the failure of the facts of the case at bar to meet the requirements for the application of collateral estoppel. The roles of the parties, a lack of privity and a lack of shared interest between the Appellant and her employer were decisive in reaching our conclusions.

The Tennessee Supreme Court affirmed the general rule set forth by the Court of Appeals of Tennessee, Eastern Section, in ***Booth v. Kirk***, 381 S.W.2d 312 (Tenn. App. 1964), concerning the application of the doctrine of collateral estoppel to negligence actions stating:

> judgment for a plaintiff is not conclusive, as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident by a different plaintiff against the same defendant.

***Cole v. Arnold***, 545 S.W.2d 95, 97 (Tenn. 1977).

As the ***Cole*** Court noted, the roles of parties in a prior suit can be decisive in the application of the doctrine of collateral estoppel. In ***Fourakre v. Perry***, 667 S.W.2d 483 (Tenn. App. 1983), a wrongful death action was brought for the death of the plaintiff's wife that resulted

5

from an automobile accident with a state trooper. In an interlocutory appeal filed after the state trooper's motion to dismiss was denied, the Court of Appeals held that a prior judgment for the State in an action before the Board of Claims based on the trooper's negligence barred the plaintiff from asserting the trooper's negligence in a later action filed in Circuit Court. *Fourakre*, 667 S.W.2d 488. The *Fourakre* Court also found the plaintiff had waived jury trial by "participation in the non-jury proceeding before the Board of Claims". *Id*. at 489. The Court of Appeals reversed the trial court's denial of the defendant's motion stating "where the discharge of the master was expressly based upon the failure to prove negligence of the servant, then the plaintiff is not privileged to relitigate the issue of negligence of the servant in a subsequent proceeding." *Id*. at 487. However, in discussing its holding the *Fourakre* court noted:

> there is no "mutuality of estoppel" in that the state trooper who was not a party to the action before the Board of Claims (indeed could not be) cannot be estopped by the action of the Board because he had no opportunity to litigate any issue before the Board. The trooper invokes estoppel against the plaintiff herein because he (the plaintiff) was a party with opportunity to litigate before the board the identical issue in the present case, i. e. the negligence of the trooper.

*Id*. at 488. That court clarified the limits of collateral estoppel by applying its reasoning to hypothetical situations stating:

> [i]f the circuit court case against the trooper had been tried first, an unfavorable jury verdict would have estopped plaintiff's claim against the State; but a verdict for the plaintiff would not have been binding upon the State because it was not a party to the circuit court case .....If the Board of Claims decision had been favorable to the plaintiff, the trooper would not be estopped to defend the circuit court suit because he was not a party to the case before the Board of Claims.

*Id*.

The case at bar appears to be analogous to hypothetical situations discussed by the *Fourakre* Court, and we agree with that Court's reasoning that a party, not given the opportunity to litigate in a prior action, is not bound by that holding. *Id* at 488 - 89.

Privity, within the meaning of the doctrine of *res judicata*, is privity as it exists in relation to the subject matter of the litigation. *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307, 309 (1948)(quoting 30 Am.Jur. at 957-958). In *Shelley v. Gipson*, 218 Tenn. 1, 400 S.W.2d 709 (1966), a rural mail-carrier, Shelley, sued the Gipsons for personal

6

injuries sustained in an automobile collision while Shelley was performing his duties as a mail-carrier. The Gipsons filed suit against Shelley in a separate action which was removed by Shelley to federal court pursuant to federal law and proceeded as a tort action against the United States under the federal tort claims act. The federal judge in the case found that the plaintiff, Richard Gipson, was guilty of proximate contributory negligence and therefore could not recover and further found that Shelley was guilty of negligence which was a proximate cause of the accident. After this holding in the federal court, the Gipsons filed a plea of *res judicata* in the instant case filed by Shelley for his personal injuries. The issue before the Supreme Court was whether the trial court correctly sustained the plea of *res judicata* and dismissed Shelley's suit. In discussing privity, the Court states:

> Privity is based on the relationship of two parties for the purposes of res judicata, only as it pertains to the subject matter of the suits.
>
> In a situation where a party is trying to bring suit against a servant after having been unsuccessful against the master on a vicarious liability claim, the servant is in privity with the master and he can properly plead res judicata against the unsuccessful plaintiff whose suit against the master had been dismissed. *Caldwell v. Kelly*, 202 Tenn. 104, 302 S.W.2d 815 (1957). In the instant case, however, the servant, Shelley, is not the defendant in the second suit, but the plaintiff suing the original plaintiff in the former suit. The significant difference, of course, is that here the postal employee is asserting his interest for damages which were immaterial to his master, the United States, in the former suit. The trial court held that privity existed between the United States Government and Shelley. ***We do not agree for the reasons appearing herein.*** (emphasis added).

*Id.* at 712.

The Court then discussed various cases dealing with privity, *res judicata*, and collateral estoppel, and concluded by stating:

> It is one of the proud boasts of the Anglo-American legal tradition that every man is entitled to his day in court, that is, a trial court, and Shelley has not had that day to assert his claim for damages. He was certainly not a party to the litigation in the federal court; he had no right to cross-examine witnesses; no control over the litigation; he had no right to appeal the finding of his negligence, because the judgment was not adverse to him, and since, also, he was not a party. It might be said that he could have filed a counterclaim by way of intervention in the suit against his employer, but if he had, he would have then had two suits pending -- one in the state court and one in the federal court for the same cause of action seeking the same damages.
>
> We think that Shelley should have an opportunity to try

his case as a plaintiff in the Circuit Court for Franklin County where the suit is now pending.

*Id.* at 715.

In *Leathers v. USA Trucking, Inc.,* No. 02A01-9109-CV-00198, 1992 WL 37146 (Tenn. App. 1992), this Court considered a case involving issues similar to the case at bar. Leathers was involved in a vehicle accident with defendant Young, an employee of USA Trucking, Inc. USA owned the vehicle driven by Young. Leathers's employer, Gibson Electric Membership Corporation, sued Young and USA Trucking for property damage to its truck and recovered a judgment against Young and USA Trucking for the property damage. Leathers subsequently sued Young and USA Trucking for his personal injuries and asserted in his complaint that the defendants were collateral estopped from relitigating the issue of liability because of the previous judgment rendered against them in favor of Leathers's employer. The trial court sustained Leathers's use of collateral estoppel in this situation, and this Court granted an interlocutory appeal on that issue. The Court found that the privity asserted is analogous to the relationship found in *Shelley* and stated:

> When GEMC sued U.S.A. Trucking, GEMC was not representing the interests of Leathers, but rather was attempting to recover for its own property damages. In the present suit, the Leatherses are asserting their interests in damages for personal injuries, which are immaterial to the interests litigated by GEMC.

*Id.* at 4.

We find that privity does not exist between Johnson and the City of Memphis to support claim preclusion through the application of collateral estoppel. Johnson's interest in the subject matter, a claim for personal injuries, was not represented by the City of Memphis in the previous action. Barring Johnson's claim against Downing would preclude her from the opportunity to litigate the issue of negligence where she was not a party, or in privity with a party, to the prior action. Preclusion of her claim would also violate her right to a jury trial protected by the Tennessee Constitution. It is clear from the order of the trial court that the City of Memphis's refusal to consolidate the cases, and try both in one proceeding before one judge and one jury, effectively denied Johnson her constitutional right to a jury trial.

We agree with the Appellant that should the trial court find different degrees of fault, this would not create inconsistent verdicts.

8

Accordingly we reverse the trial court's order granting summary judgement and remand this case for trial. Costs of the appeal are assessed against Appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**ALAN E. HIGHERS, JUDGE**