CANTRELL *v.* BURNETT & HENDERSON CO. *et al.*

(*Nashville*, December Term, 1948.)

Opinion filed December 11, 1948.

WALDROP, HALL & WINNINGHAM, of Jackson, for plaintiff in error.

MOSS & BENTON, of Jackson, for defendant in error Burnett & Henderson Co.

JACK MANHEIN, of Jackson, for defendant in error, Hudson Sales Corporation.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In a memo opinion filed October 16, 1948, *certiorari* in this case was denied. Cantrell, the petitioner for *certiorari*, has filed the petition to rehear. The burden of his complaint is that the result of our conclusion in denying the *certiorari* is to deprive him of his constitutional right to a jury trial.

It is apparent from the face of the petition and the authorities to which it refers that counsel is laboring under the erroneous impression that our conclusion as to respondent, Hudson Sales Corporation, was dictated by Code, section 10654. Probably in denying *certiorari*, we should have gone into more detail than we did in

stating our conclusion as to the Hudson Sales Corporation. So, in considering and disposing of the insistence made by the petition to rehear we will state in more detail what we conceive to be the facts and law which control the question.

Cantrell purchased a new Hudson automobile from Burnett & Henderson Company, a dealer at Jackson. Burnett & Henderson Company had bought this car from the manufacturer, Hudson Sales Corporation. That automobile was destroyed by fire three or four days after its purchase. It was Cantrell's insistence that the proximate cause of the fire was a defect in the wiring or other similar construction of the automobile which Burnett & Henderson Company had sold him.

Based upon the theory just stated, Cantrell sued both the dealer and the manufacturer, and proceeded to trial upon a three count declaration. The first count was against the dealer, predicated upon Code section 7208 which imposes upon the dealer an implied warranty as to the condition of the car when sold. The second count sued both the dealer and the manufacturer under the same code section. The third count sued the manufacturer alone on the allegation that the car was defectively constructed, and that this defect caused the fire. Of course, the third count sounded in tort, whereas the other two sounded in contract; but they were grounded upon the same alleged facts.

Upon the trial of the case to a jury, after both sides had introduced all the proof they cared to offer and had rested, the trial judge withdrew the case from the jury as to the Hudson Sales Corporation on the theory that the Hudson Sales Corporation, the manufacturer, was not liable, in any event because of lack of privity of con-

tract, but permitted the case to go to the jury as to the dealer, Burnett & Henderson Company, after giving the jury this instruction:

"If you find that the plaintiff purchased the automobile involved in the lawsuit from the defendant Burnett and Henderson Company, and if you further find that said automobile at the time of such purchase by the plaintiff was not of merchantable quality but was in some way defective, and that the fire which destroyed said automobile was the result of such defect, then you shall return a verdict in favor of the plaintiff against the defendant Burnett & Henderson Company."

It is clear that the issue submitted to the jury for determination was whether the automobile when purchased by Cantrell from Burnett & Henderson Company was at that time "in some way defective, and that the fire which destroyed said automobile was the result of such defect." The determination of that issue by the jury was controlling as to whether it, the jury, "shall return a verdict in favor of the plaintiff against the defendant Burnett & Henderson Company."

It is also clear that if the automobile, when sold to Cantrell by Burnett & Henderson Company, was not in some way defective, or that the fire which destroyed it was not caused by such defect, then Hudson Sales Corporation is, as a matter of law, not liable to Cantrell on any theory, tort or contract, because liability is predicated entirely upon the proposition that the car was defective when bought by Cantrell and that this defect caused the fire which destroyed it.

Upon the issue submitted to it, to wit, whether the automobile when sold to Cantrell by Burnett & Henderson Company had a defect which caused the fire, the jury

found that this automobile at the time it was sold to Cantrell by Burnett & Henderson Company did not have a defect which caused the fire that destroyed it.

This verdict was concurred in by the trial judge and the Court of Appeals upon material supporting evidence. So, the judgment rendered against Cantrell upon that verdict judicially determines it to be a fact that at the time of its sale to Cantrell that car did not have a defect which caused the fire that destroyed it. That being true, the Hudson Sales Corporation could not, as a matter of law, be liable to Cantrell on any theory, tort or contract, for the destruction of that car, if this judgment against Cantrell on this judicially determined fact is binding against him in a suit subsequently conducted by him against the Hudson Sales Corporation on the identical fact already judicially determined, the Hudson Sales Corporation by reason of the directed verdict not being a party to the suit at the instant it was so found by the jury and then judicially determined.

As early as the case of *Ragan* v. *Kennedy*, 1 Tenn. 91, 94, this Court in a *per curiam* opinion stated the rule in the situation we have here to be this:

"In order to render a verdict in one action evidence in another, it is not necessary that the parties should be the same. It is sufficient if the party *against whom the verdict is intended to be introduced* was a party to the former suit, and that the same subject matter was directly put in issue by the pleadings." (Emphasis added.)

That rule is stated as the law today by the text writer in 30 American Jurisprudence, page 920-921 in this language:

"It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a

former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief,'' citing cases.

It will be noted that in the quotation just made there is contained the expression ''in a subsequent action between the same parties *or their privies.*'' (Emphasis added.) In discussing the meaning of the word ''privy'' in connection with the doctrine of *res judicata* on facts previously determined judically, it is stated in 30 American Jurisprudence, page 957-958 that:

''It has been declared that privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation.''

In our case of *Loveman Co.* v. *Bayless,* 128 Tenn. 307, 316, 160 S. W. 841, 843, Ann. Cas. 1915C, 187, in considering the same question, this Court said:

''That every one is entitled to his day in court, and no more, on the same cause of action; that he has enjoyed this right when he has contested the matter with persons committing the wrong and primarily liable, and has been cast in such suit; that to permit him after this to contest thematter with one only secondarily liable would be to

give him two suits upon the same cause of action. It is said to be a branch of the law of *res adjudicata,* but *not requiring that the parities should be the same, or those strictly in privity.''* (Emphasis added.)

In that case it was held that when the servant is sued solely for a tort and a verdict is rendered in favor of the defendant servant, then, if the master is sued only for the same tort based on this conduct of his servant, he is entitled ''to a discharge from such claimed liability.'' Then the Court said, 128 Tenn. at page 314, 160 S. W. at page 842:

''The principle is firmly established in even a wider application, as, for example, cases involving lessor and lessee sought to be held liable on the same cause of action.''

In the instant case Hudson Sales Corporation, the manufacturer, and Burnett & Henderson Company, the dealer, do not occupy the relation of master and servant, nor that of lessor and lessee, (the illustrations given in the authorities above referred to). Their relation is that of vendor and vendee, wherein both are sought to be held liable because of their ''relation to the subject matter of the litigation,'' the automobile sold to Cantrell.

■■ However, we can perceive no distinction in principle on the question of liability here from that when the relation is that of master and servant wherein the master in a separate action is sought to be held liable solely because of an alleged tort done by the servant, and in which it has been finally adjudged that the servant committed no tort. In that case the master could not, as a matter of law, be liable for the alleged negligence of his servant, when it had been judicially determined that the servant was not negligent. So, in the present case, the

manufacturer, as a matter of law, could not be liable for an alleged fire causing defect in an automobile at the time it was sold to a dealer when it had been judicially determined that the fire which destroyed the car was not caused by any alleged defect existing in that car when the dealer subsequently sold it to the one who claims damages from the manufacturer. Any other conclusion is contrary to both principle and precedent.

But the petition to rehear insists that, notwithstanding principle or precedent, this conclusion deprives Cantrell of his constitutional right to a jury trial upon the issue of fact in question. Cantrell has been given the opportunity to present to a jury all the material legal evidence that he cared to offer upon the determinative issue of fact in this lawsuit. The jury has decided that issue against him. He has not, therefore, been deprived of a right of a trial by jury. The general rule is stated succinctly in 31 American Jurisprudence, 561, in this language: "The right to jury trial is preserved when each party has one fair opportunity to present to a jury the evidence on which he claims to raise an issue of fact." Our case of *Woods* v. *State,* 130 Tenn. 100, 106, 169 S. W. 558, L. R. A. 1915F, 531 in much more detail declares the same rule which is applicable here.

In denying the petition for *certiorari* it was our conclusion for the reasons above stated that in any subsequent suit between Cantrell and the Hudson Sales Corporation based upon the theory that their manufacture of an allegedly defective car was the cause of the fire that destroyed that car, Cantrell at the outset would be confronted with the fact that the issue had already been determined judicially against him and was binding upon him; wherefore Hudson Sales Corporation could not, as a matter

of law, be liable.  It was for this reason that we held it to be unnecessary to decide Cantrell's insistence that the trial court erred in directing a verdict for the Hudson Sales Corporation without regard to whether there was privity of contract between it and Cantrell.  We adhere to the conclusions there reached and, accordingly, must deny the petition to rehear.

All concur.