**William PATTON, Administrator of the Estate of Albert Patton, et al.**

**v.**

**AEROJET ORDNANCE COMPANY, et al.**

**No. CIV-2-82-175.**

United States District Court, E.D. Tennessee, Northeastern Division.

Sept. 17, 1985.

W. Holt Smith, Madisonville, Tenn., Fredric Lewis, New York City, for plaintiffs.

James E. Brading, Johnson City, Tenn., G. Wilson Horde, Oak Ridge, Tenn., Robert

R. Campbell, Knoxville, Tenn., Morgan Lewis & Bockius, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDERS

HULL, Chief Judge.

There are several motions pending before the Court in this action which will be dealt with in separate orders. Aerojet Ordnance, Aerojet General, and General Tire have moved for partial summary judgment as to William Patton, Administrator of the Estate of Albert Patton on the ground that this action is barred by the appropriate statute of limitations. T.C.A. § 28–3–104.

T.C.A. § 28–3–104 requires personal injury actions in Tennessee to be commenced within one year from the date the cause of action accrued. The cause of action accrues when the injury is discovered, or when in the exercise of reasonable care and diligence it should have been discovered. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975). An injury is not deemed discovered until the injured party knows or reasonably should have discovered how and by whom his injury was inflicted. *Foster v. Harris*, 633, S.W.2d 304 (Tenn.1982).

Albert Patton was last exposed to the alleged tortious conditions existing at TNS February 28, 1981. On May 31, 1981 he was diagnosed as having acute myeloblastic leukemia. On April 1, 1982 Albert Patton filed suit against TNS in the Chancery Court of Washington County pursuant to the Worker's Compensation Laws of Tennessee. The case was dismissed on the summary judgment motion of TNS. The Court found that Patton attributed his disease to his employment from the date it was diagnosed, May 31, 1981, and granted the motion for summary judgment because Patton failed to give timely notice of his claim to TNS as required by the worker's compensation law. *See* Exhibit D to defendants' Motion for Partial Summary Judgment.

In support of their summary judgment motion in the Chancery Court, TNS filed the deposition of Albert Patton taken July 9, 1982. The transcript has been filed in this Court as Exhibit B to defendants' Motion for Partial Summary Judgment. Mr. Patton's sworn testimony in that deposition included the admission that he had attributed his disease to his employment since the time he was informed of it by his doctor, May 31, 1981. He filed this action in August, 1982.

Defendants assert that Patton's claim in this action is barred by the statute of limitations based on the evidence discussed above. Defendants take the position that Patton is judicially or collaterally estopped from denying that he discovered the injury more than one year before he instituted this suit.

An issue may be concluded against an individual by means of collateral estoppel if the individual was a party in interest to the prior proceeding, had the opportunity to litigate the issue decided adversely to him, and, if the issue sought to be concluded was necessary to the judgment rendered in the prior proceeding. *King v. Brooks*, 562, S.W.2d 422 (Tenn.1978).

The issue which defendants seek to conclude against Patton is whether he filed this suit within the one year limitations period after "discovery" of his injury. The Chancery Court for Washington County, Tennessee was faced with a similar issue which required the identical determination of the date plaintiff discovered his injury. The legal issue in the prior proceeding was whether Patton had satisfied the Worker's Compensation Law notice requirement under which an employee must give notice of his injury to his employer within thirty days of discovery. T.C.A. § 50–6–201. The factual issue necessary to that determination was: When did Patton know of his disease and attribute it to his employment? The Chancery Court found that Patton was informed of his disease on May 31, 1981 by his physician and attributed his disease to his employment on that date.

The factual issue decided by the Chancery Court is the same as that presented here. The factual determination was nec-

essary to the judgment rendered in the prior proceeding. Patton was a party to the prior proceeding and the issue was determined adversely to him. Therefore, he should not be allowed to relitigate this issue in a separate suit on the same injury.

However, it is unclear whether Tennessee law allows the use of collateral estoppel without identity or mutuality of parties. *Koontz v. Epperson Electric Co.,* 643 S.W.2d 333 (Tenn.App.1982). The Tennessee Supreme Court has allowed defensive collateral estoppel without requiring mutuality. *See Cantrell v. Burnett & Henderson,* 187 Tenn. 552, 216 S.W.2d 307 (1948). This case has never been overruled, although some formulations of the collateral estoppel doctrine indicate that mutuality of parties *is* necessary. *See Shelley v. Gipson,* 218 Tenn. 1, 400 S.W.2d 709 (1966). The better reasoned approach is to allow the defensive use of collateral estoppel without the requirement of mutuality. " 'To hold otherwise would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to re-open and re-try all the old issues each time he can obtain a new adversary not in privity with his former one' ". *Cotton v. Underwood,* 223 Tenn. 122, 442 S.W.2d 632 (1969), quoting *Coca Cola Co. v. Pepsi Cola Co.,* 36 Del. 124, 172 A. 260.

■ The public interest in judicial economy weighs heavily in favor of this approach, and this Court finds that, if presented with this situation, the Tennessee Supreme Court would follow their own *Cantrell* decision and allow the defensive use of collateral estoppel without mutuality of parties.

■ Having made this determination, for the reasons discussed above, plaintiff is collaterally estopped to deny that he discovered his disease and attributed it to his employment on May 31, 1981. Since Mr. Patton believed his disease was caused by the conditions present at TNS more than one year before the institution of this suit, his action (now the action of his estate) is barred by the statute of limitations. T.C.A. § 28-3-104.

Accordingly, defendants' motion for Partial Summary Judgment is hereby GRANTED. The action of William Patton, Administrator for the Estate of Albert Patton is hereby DISMISSED.

The fairness of such a disposition without an adjudication of the cause of Mr. Patton's disease is not at issue. Statutes of limitation "are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate." *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, *reh. denied,* 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945). It is the Court's duty to enforce these statutory provisions, although their results may at times seem harsh to the litigants.