DOUGLAS E. SAMUELSON, as the )
Natural Father and Personal )
Representative of KEVIN L. )
SAMUELSON, )
)
      Plaintiff/Appellant, )    Appeal No.
)    01-A-01-9602-CV-00060
VS. )
)    Davidson Circuit
CECIL E. McMURTRY, M.D., )    No. 89C-2581
WILLIAM A. HOLLAND, JR., M.D., )
H.C.A. HEALTH SERVICES OF )
TENNESSEE, INC., d/b/a )
DONELSON HOSPITAL )
EMERGICARE, INC., )
)
      Defendants, )
)
and )
)
MARK S. TOTTY, Individually and )
d/b/a MARK S. TOTTY, D.C., P.C., )
)
      Defendant/Appellee. )

**FILED**

**September 6, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

JOE BEDNARZ
Suite 1400, Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee 37219
    Attorney for Plaintiff/Appellant

ROGER T. MAY
Suite 300
219 Second Avenue North
Nashville, Tennessee 37201
    Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.

DISSENT:
KOCH, J.

# O P I N I O N

In this wrongful death case we have determined that when the plaintiff-appellant accepted a jury verdict finding the decedent was forty-nine percent at fault, that finding became binding in the appeal of the trial judge's action in dismissing another defendant on the day of the trial. We, therefore, pretermit the issues raised by the appellant and affirm the judgment below.

## I.

Kenneth L. Samuelson, age 28, died of pneumonia on August 2, 1988. In the few days prior to his death, Mr. Samuelson had consulted several medical practitioners and had been seen in the emergency room at Donelson Hospital. He had also consulted Dr. Mark S. Totty, a chiropractor.

The plaintiff, Douglas E. Samuelson, is the natural father of Kenneth L. Samuelson. He sued the other professionals, Donelson Hospital, and Dr. Totty for his son's wrongful death and the case was set for trial before a jury on April 17, 1995. On March 28, 1995 counsel for Dr. Totty filed a motion in limine seeking to prevent the plaintiff from using its expert to establish that Dr. Totty had violated the standard of care. Dr. Totty asserted that the expert did not meet the practice requirements in Tenn. Code Ann. § 29-26-115(b). The trial judge conducted a hearing on March 31, 1995 but adjourned the hearing to the morning of the trial. After completing the hearing, the trial judge ruled that the expert did not meet the requirements of the statute and that his testimony would not substantially assist the trier of fact. See Rule 702, Tenn. R. Evid. Dr. Totty then moved to dismiss the case against him. The trial judge treated the motion as one for summary judgment and dismissed Dr. Totty. The trial proceeded against the other defendants, and the jury returned a verdict against

one of them, finding that he was fifty-one percent at fault and that the decedent was forty-nine percent at fault. The verdict also established the pecuniary value of the decedent's life.

Within thirty days of the entry of the order granting summary judgment to Dr. Totty, the plaintiff filed a motion to set aside the order, supported by an affidavit from another chiropractic expert. The trial judge denied the motion.

On September 27, 1995, the plaintiff filed a Satisfaction of Judgment in the trial court, certifying that the judgment against the other defendant had been fully satisfied.

The plaintiff appealed the trial judge's dismissal of Dr. Totty, alleging that the expert witness was in fact qualified, that Rule 56.03, Tenn. R. Civ. Proc., required a thirty day period before the motion could be heard, and that the trial judge should have set the summary judgment aside on the strength of the second affidavit. The appellee raised the issue that the appellant was estopped to contest the jury's allocation of fault.

## II.

### Res Judicata/Collateral Estoppel

Since the appellee's contention that the jury verdict binds the plaintiff would be dispositive on appeal, we will address that issue first.

As Judge Goddard said in *Phillips v. General Motors Corp.*, 669 S.W.2d 665 (Tenn. App. 1984), the rule as to res judicata and collateral estoppel is easy to state but difficult to apply. The starting point is found in *Shelley v. Gipson*, 218 Tenn. 1, 400 S.W.2d 709 (1966) where the court said:

The doctrine of res judicata is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies in the same action in other judicial tribunals of concurrent jurisdiction. This doctrine is distinguished from the doctrine of collateral estoppel which precludes further litigation of the particular facts on which the jury or court necessarily made findings in the former action. Restatement of Judgments, sec. 68.

218 Tenn. at 12, 400 S.W.2d at 714.

While "the application of collateral estoppel requires identity of parties or their privies," *Blue Diamond Coal v. Holland-America Ins. Co.*, 671 S.W.2d 829 at 832 (Tenn. 1984), we most often interpret the rule to require that the parties be exactly the same. *Clements v. Pearson*, 209 Tenn. 223, 352 S.W.2d 236 (1961). In most cases that is correct, but there is a class of cases where an adjudication in one case is conclusive on the same question against another party.

In *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307 (1948), a case in which the dispositive issues are very similar to those in the case before us, a plaintiff sued the manufacturer and a local dealer for selling an allegedly defective automobile. The trial judge directed a verdict for the manufacturer and allowed the case to go to the jury against the local dealer, under instructions that would have resulted in a verdict for the plaintiff if the jury found the loss resulted from some defect in the car. The jury returned a defense verdict. The Supreme Court held that the jury's determination on the question of whether the car was defective at the time the plaintiff bought it was conclusive on the claims against the manufacturer. Quoting from the earlier case of *Ragan v. Kennedy*, 1 Tenn. 91, the court said,

> In order to render a verdict in one action evidence in another, it is not necessary that the parties should be the same. It is sufficient if the party <u>against whom the verdict is intended to be introduced</u> was a party to the former suit, and that the same subject matter was directly put in issue by the pleadings. (Emphasis added.)

187 Tenn. at 556, 216 S.W.2d at 309.

Quoting again from *Loveman Co. v. Bayless*, 128 Tenn. 307, 160 S.W. 841 (1913), the court stated,

> "That every one is entitled to his day in court, and no more, on the same cause of action; that he has enjoyed this right when he has contested the matter with persons committing the wrong and primarily liable, and has been cast in such suit; that to permit him after this to contest the matter with one only secondarily liable would be to give him two suits upon the same cause of action. It is said to be a branch of the law of res adjudicata, but *not requiring that the parties should be the same, or those strictly in privity.*" (Emphasis added.)

216 S.W.2d at 310.

In *Hammons v. Walker Hauling Co.*, 196 Tenn. 26, 263 S.W.2d 753 (1953), the Supreme Court found that the jury verdict was not conclusive on the point in issue but said,

> "Where the verdict of a jury affirmatively discloses a particular finding with reference to a controlling issue of fact a plaintiff in that suit is judicially bound by such finding in a subsequent suit by such plaintiff against a different defendant."

196 Tenn. at 32, 263 S.W.2d at 755.

In *Algood v. Nashville Machine Co., Inc.*, 648 S.W.2d 260 (Tenn. App. 1983), this court recognized the difference between offensive and defensive collateral estoppel. The court approved the latter while rejecting the former.

Collateral estoppel applies to parties and their privies. Privity in this instance means "privity as it exists in relation to the subject matter of the litigation." *Cantrell v. Burnett & Henderson Co.*, 216 S.W.2d at 309-310. Or, as this court said in *Phillips v. General Motors Corp.*, 669 S.W.2d 665 (1984), privity exists as to "those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." 669 S.W.2d at 669. Under that definition Dr. Totty was in privity with the other defendants on the issue of the decedent's fault.

When the plaintiff accepted the verdict of the jury in the case against the other defendants the judgment in that case became final. The findings of the pecuniary value of the decedent's life, and that the decedent was forty nine percent at fault are binding on the plaintiff. There can be only one recovery. *TSC Industries, Inc. v. Tomlin*, 743 S.W.2d 169 (Tenn. App. 1987). The jury found the value of that recovery and the plaintiff has been fully compensated for it.

In none of the cases cited in the dissenting opinion did the plaintiff collect the judgment in satisfaction of the jury's verdict and then pursue the other defendants. In our opinion, the plaintiff cannot do so. He cannot affirm the verdict on one hand and disaffirm it on the other.

Otherwise, questions raised by the adoption of our version of comparative negligence/fault will increase without number. The theory on which the cases cited in the dissent proceed is that it is unfair to make the plaintiff proceed against one defendant when he might have proceeded against two or more, because we cannot know what the jury would have done under those circumstances. If we accept that proposition, justice would demand that we set aside the verdict against Dr. Holland, and re-try him along with Dr. Totty -- even though the verdict has not been attacked at all. And what of the other two defendants that the jury exonerated completely? Shouldn't they be thrown back into the mix so that someone's notions of fairness can be satisfied? Or, at least shouldn't we allow Dr. Totty to point to the other defendants as sharing the blame?

We repeat: the plaintiff has had the jury determine the amount he should recover and he has been fully compensated.

We pretermit the other issues.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary.  Tax the costs on appeal to the appellant.  - 7 -

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


WILLIAM C. KOCH, JR., JUDGE,
SEPARATE DISSENTING OPINION