IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 21, 2001 Session

# LARGENT CONTRACTING, INC., ET AL. v. DEMENT CONSTRUCTION COMPANY, ET AL.

A Direct Appeal from the Circuit Court for Fayette County
No. 3564    The Honorable Jon Kerry Blackwood, Judge

No. W1999-02736-COA-R3-CV - Filed April 17, 2001

Plaintiff-landowner sued county along with road contractor and subcontractor for damages allegedly sustained when the defendant stored a large amount of broken concrete on his land allegedly without his permission and for the defendant's failure to remove the concrete when told to do so. The trial court granted summary judgment to road contractor and the subcontractor, and granted partial summary judgment to the county. After a nonjury trial on the remaining issue as to the county, the trial court entered judgment for the county. Plaintiff appeals as to all three defendants. We reverse in part, affirm in part.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Richard G. Rosser, Somerville, For Appellant, Largent Contracting, Inc.

Darryl D. Gresham, Memphis, For Appellee, Dement Construction Company

James A. Hopper, Savannah, For Appellee, T J & L Construction Company, Inc.

James I. Pentecost, Jennifer K. Craig, Jackson, For Appellee, Fayette County, Tennessee

**OPINION**

On February 24, 1995, plaintiff, Largent Contracting, Inc.,[1] filed its complaint against Dement Construction Company, a Tennessee corporation, and Fayette County, Tennessee, alleging in substance that defendant, Dement, negligently deposited a large amount of broken concrete from the Highway 64 road bed on plaintiff's property without permission. When due demand was made to have the debris removed, defendants did not do so, and plaintiff avers that pursuant to defendant-Dement's contract for the work on Highway 64 it was responsible for properly disposing of the material. Plaintiff also asserts that the defendants' actions have caused it to suffer damages of loss of use of his property for approximately two years, losing sale value of a proposed sale of the property, for the expense incurred in removing the concrete, and that the actions of the defendants constituted a temporary nuisance which resulted in these damages.

In response to the complaint, defendant, Fayette County, filed a "Motion to Dismiss or to Strike," asserting that the complaint fails to state a claim upon which relief can be granted and, in addition to moving to strike certain paragraphs of the complaint, the county fully answered the complaint by joining issue thereon. The pleading further states that the plaintiff agreed to the storage of the riprap upon its property, that the storage was done with his consent, and that if plaintiff incurred any damages, it was because of its actions. Defendant, Dement, filed an answer and third party complaint in which it denied the material allegations of the complaint and joined issue thereon. Dement further stated that it was not responsible for the disposal of the broken concrete from the road bed, and that it contracted with a subcontractor, T J & L Construction Company, to remove and dispose of the concrete material. The answer further averred that arrangements were made by T J & L with Fayette County for Fayette County to take charge of the material, and that Fayette County thereupon handled the disposal of the material by obtaining consent from plaintiff for the storage thereof. In its third party complaint, Dement sues T J & L by virtue of its contract whereby T J & L was its subcontractor to handle the removal of the debris and to dispose of same. In addition, Dement relies upon the indemnity clause wherein T J & L agrees to indemnify Dement for any claims resulting from the subcontract. T J & L answered the third party complaint by denying the material allegations against it and affirmatively avers that it performed its duties under the contract with Dement. T J & L also avers that Fayette County wanted the broken concrete for later use in its various governmental projects and agreed to take the concrete and dispose of same properly. T J & L also filed a third party complaint against Fayette County seeking relief if T J & L is held liable on the third party complaint filed by Dement because of Fayette County's failure to conform to their agreement.

Fayette County responded to T J & L's third party complaint with an answer denying the material allegations of the third party complaint against it. Fayette County affirmatively stated that T J& L's complaint is barred by the statute of limitations, the statute of frauds, and that they are entitled to no indemnity.

---

[1] Somewhere along the course of the voluminous and rather perplexing pleadings in this cause, Amos E. Largent, Individually, was placed in the caption of the case. We have been unable to find in the record claims made by Amos E. Largent, individually, or any authorization for his name to be placed in the caption. Therefore, our reference to defendant will be to Largent Contracting, Inc., and the defendant will be referred to in the singular.

Dement filed a motion for summary judgment on October 11, 1996, as to the original complaint of Largent, and TJ&L filed a motion for summary judgment on Dement's third party complaint on November 12, 1996. In its motion, Dement relies upon the affidavit of Ty Capp, Vice-President of Dement, and the contract between Dement and T J & L. T J & L, in its motion, relies upon discovery depositions of Mitchell Johnson, its superintendent, and Erwin Kee, the superintendent of Public Works for Fayette County.

On November 15, 1996, plaintiff filed a motion to amend its complaint to add the defendant, T J& L Construction Company, Inc., because of Dement's assertion in the summary judgment motion that T J& L Construction Company, Inc., is solely liable for any damages. T J & L filed a response to plaintiff's motion to amend denying it was involved in any way and averring that Fayette County actually made the arrangements for and deposited the concrete on plaintiff's property. The response also avers that plaintiff's claim against it is barred by the statute of limitations, T.C.A. § 28-3-105 (1). In this regard, the motion states that the concrete was removed and placed on plaintiff's property in the fall of 1992, and that the motion to amend comes approximately four years after the claimed act.

Plaintiff filed a response to Dement's motion for summary judgment, relying upon the subcontract between Dement and T J & L and various affidavits. It relies upon proof that T J & L is, in reality, an employee, and Dement is responsible for its action, that there was no written permission from the plaintiff to store concrete on the property, and that plaintiff was unaware that the concrete was placed on his property. By order entered December 18, 1996, the trial court, upon consideration of the supporting affidavits, depositions, and the entire record, granted summary judgment to Dement and, by virtue thereof, dismissed Dement's third party complaint against T J & L and T J & L's third party complaint against Fayette County.

On December 16, 1996, the trial court entered an order granting Largent's motion to amend to add T J & L as a defendant, and an amended complaint doing so was filed February 5, 1997. The amended complaint[2] alleges that T J & L had a contract with Dement for the removal and disposal of the concrete, and that T J & L or M&L Construction Company[3] negligently or intentionally deposited this concrete, along with box culverts, on plaintiff's property without any permission. The amended complaint further states that plaintiff's demand to have the concrete removed was not honored by T J & L, and the complaint avers that the actions of T J & L and M & L Construction Company constitute a nuisance, a trespass, and a conversion and was a fraud and deceit. It also averred that T J & L was acting as the agent and employee of Dement. The amended complaint further reiterates the various items of damages claimed by plaintiff.

---

[2] Although the pleading is styled Amended Complaint, the body of the complaint reveals that it is in fact an amendment to the complaint because there are no allegations against the other defendant in the so-called Amended Complaint. We are treating the pleading as an amendment to the complaint.

[3] It appears from the record that M & L Construction Company never made an appearance in this cause.

T J & L answered the amendment to the complaint by denying the material allegations thereof and joining issue thereon. The answer avers that T J & L had an oral agreement with Fayette County to take and remove the material and properly store it and that the decision of where to store it and the arrangements therefor were Fayette County's alone. The answer further relies upon the bar of the statute of limitations, T.C.A. § 28-3-105. The answer further avers that if Largent suffered damages it was because of its own negligence of at least fifty percent.

On June 9, 1997, T J & L filed a motion for summary judgment which averred that there were no genuine issues as to any material fact and relies upon the pleadings and part of discovery depositions of various witnesses which established that T J & L had an oral agreement with Fayette County to remove the concrete rock, and that Largent gave Fayette County permission to place the rock removed on its property.

Among other things, Largent relies upon the affidavit of Amos Largent, plaintiff's primary owner and executive officer, that no permission was given for the dumping of the concrete on its property. The affidavit also contains conclusory statements concerning dumping on the property by T J & L.

Fayette County filed a motion for summary judgment supported by a statement of undisputed fact which, among other things, stated that Amos Largent granted permission for the dumping of the concrete on the property.

By order entered December 5, 1997, T J & L was granted summary judgment, and by order entered February 11, 1998, Fayette County was granted a partial summary judgment as to any claims of negligence and any claims under the suit for temporary nuisance concerning the rental value of plaintiff's property.

The order granting summary judgment to T J & L was made a final order pursuant to the provisions of Tenn.R.Civ.P. 54.02. On Feburary 12, 1998, plaintiff filed a motion pursuant to Rule 60.02 to set aside the order granting T J & L a summary judgment due to "mistake, inadvertence, surprise, and/or inexcusable [sic] neglect."

A nonjury trial was held on the remaining case as to Fayette County on April 21, 1998, and on August 31, 1998, the trial court filed Findings of Fact and Conclusions of Law, which we quote:

> Based upon the entire record in this cause, the following findings of facts and conclusions of law are made:
>
> (1) Prior to 1991, Dement Construction Company entered into a contract with T J & L regarding a construction contract for a highway project of U. S. Highway 64. T J & L was to act as a subcontractor to remove riprap from the construction project.

-4-

(2) T J & L contacted agents for Fayette County, Tennessee to determine if Fayette County would be interested in said riprap.

(3) Fayette County, Tennessee contracted with T J & L to take the riprap and to stockpile same for later use by its Public Works Department.

(4) Mr. Ray Kee, employee of said Department, was instructed by Mr. Erwin Kee, Director of Public Works, to find a suitable location to stockpile the riprap.

(5) The plaintiff was owner of real estate located within the City of Oakland, Tennessee. Some of the plaintiff's property was located adjacent to the Highway 64 Project.

(6) In June 1992, Mr. Ray Kee contacted the plaintiff concerning stockpiling the concrete riprap on plaintiff's property.

(7) At this time, plaintiff was in the process of selling a portion of his property to the City of Oakland for use as the city's industrial park.

(8) Plaintiff instructed Mr. Ray Kee to contact the Mayor of Oakland to receive permission to stockpile the riprap.

(9) Mr. Kee and plaintiff visited the plaintiff's property and plaintiff marked the area where the riprap could be stored. This area was a low-lying area that needed filling.

(10) Later, Ray Kee placed wooden stakes to mark the area.

(11) The Mayor of Oakland also gave permission for the stockpiling.

(12) Trucks owned by Fayette County, as well as independent trucking firms, began hauling the riprap to the area in June 1992, and continued until September 1992.

(13) In December, plaintiff sold the southern tract of his land to the City of Oakland as part of its industrial park. The middle of concrete riprap was stockpiled on the boundary line of Oakland and plaintiff.

(14) In March 1994, plaintiff contracted to sell the remainder of this tract to David McDowell.

(15) A survey in June revealed that the boundary line for the proposed tract to McDowell ran through the center of the concrete.

(16) Sewer lines could not be placed on this property until the concrete was removed.

(17) Plaintiff's contract with McDowell was contingent upon the availability of the sewer.

(18) For several months, plaintiff discussed with various agencies the necessity of the removal of the concrete.

(19) In September 1994, plaintiff contacted Mr. Erwin Kee, Director of Public Works of Fayette County, and requested the removal.

(20) Fayette County advertised for bids for the removal of the concrete. On October 20, plaintiff began to remove the concrete riprap by taking several loads to the City lagoon and some loads to the front of his property.

Fayette County also removed several loads of the concrete riprap pursuant to an accepted bid.

Plaintiff also contracted with a private contractor to remove the remainder for Two Thousand Seven Hundred and Sixty Dollars ($2,760.00).

THE COURT FURTHER FINDS THAT:

(1) That plaintiff gave permission to Fayette County to stockpile the concrete riprap on the subject property.

(2) The plaintiff always had knowledge of the location of the concrete stockpile.

(3) There was no agreement between Fayette County and the plaintiff as to any specified length of time that the concrete stockpile could remain on the subject property.

(4) No demands were made on Fayette County to remove the concrete until September or October 1994.

WHEREFORE, THE COURT FINDS:

-6-

(1) That Fayette County did not create a nuisance on said property.

(2) Plaintiff acquiesced in the placement of the concrete.

(3) Judgment shall be entered for the defendant.

A final judgment was entered September 29, 1998 in favor of defendant, Fayette County.

On October 20, 1998, plaintiff filed a "Motion for New Trial; To Alter or Amend and/or To Correct Findings of Fact and Conclusions of Law," which the trial court denied by order entered January 12, 1999.

On January 25, 1999, T J & L filed a motion to assess discretionary costs to which plaintiff responded on February 9, 1999. Notice of appeal was filed February 9, 1999.

On September 28, 1999, the trial court entered an order granting plaintiff's motion, pursuant to Rule 60.02, to set aside the summary judgment in favor of defendant, T J & L, and in the same order, again granted summary judgment to T J & L .

Plaintiff presents five issues for review, which we restate only to the extent of presenting them as a query:

> I. Whether the court erred in granting summary judgment in favor of T J & L construction company when the proof showed it stock piled concrete on the plaintiff's property without permission, a lease or any right at all?
>
> II. Whether the trial court erred in granting discretionary costs to T J & L construction company, Inc. pursuant to Rule 54.04 of Tennessee Rules of Civil Procedure in that the defendant's expenses were incurred prior to his being made a defendant and were mostly incurred defending against a third party complaint against T J & L construction company, Inc. and therefore they were neither reasonable nor necessary expenses regarding the complaint later filed against said defendant?
>
> III. Whether the court erred in granting summary judgment against the plaintiff in favor of the defendant, Dement Construction Company, Inc. when it had it agent T J & L construction Company, Inc. stock piled concrete on the plaintiff's property without permission, a lease or any right at all?

IV. Whether the court erred in grating partial summary judgment in favor of the defendant, Fayette County, Tennessee upon the issue of negligence when the proof showed it stockpiled concrete on the plaintiff's property without permission and then refused to remove it in a timely manner after being informed that the plaintiff stood to loose a great deal of money and that time was of the essence and the trial court erred in ruling that the plaintiffs could not testify regarding the rental value of his real property, could not introduce evidence of its rental value and could not introduce of loss of value of his real property due to the temporary nuisance?

V. Whether the trial court erred in granting judgment after a trial upon the merits for the defendant, Fayette County, Tennessee against the plaintiff upon the issue of a temporary nuisance when the preponderance of the evidence at trial showed that the defendant illegally placed concrete on the plaintiff's property without his permission and when it was shown at trial the nuisance could have been abated by the expenditure of labor and money?

Appellee T J & L presents one issue for review which, as stated in its brief, is:

1. That the honorable trial court abused its discretion in setting aside the order granting summary judgment to T J & L Construction Company, Inc., after the time for appeal had expired, based upon Tennessee Rules of Civil Procedure 60.02.

We first address the issue by appellee, T J & L . Appellee states that the trial court abused its discretion by setting aside the summary judgment "as the time for appealing had expired." While we agree with the appellee that the trial court may have abused its discretion, it was not because the time for appealing had expired. Tenn.R.Civ.P. 60 is applicable only to final judgments; that is, those judgments where the time for appeal has expired. Plaintiff's motion to set aside the final judgment is premised solely on the fact that when plaintiff's attorney approved the order he did not realize that it contained the Tenn.R.Civ.P. 54.02 language. The purpose of having counsel approve proposed orders for entry is to assure the trial court that the order or judgment properly states the court's ruling. In this case, plaintiff's attorney approved the order for entry and so certified that it was correctly prepared. This situation is somewhat analogous to one signing a contract and later seeking to avoid obligation under the contract by claiming to have been unaware of the contents of same. The rule is succinctly set out in *Giles v. Allstate Ins. Co., Inc.*, 871 S.W.2d 154, 156 (Tenn. Ct. App. 1993) wherein the Court said:

This same issue has been before the courts in this jurisdiction in numerous cases and they have consistently held: "[T]hat if, without being the victim of fraud [the insured] fails to read the contract or otherwise to learn its contents, he signs the same at his peril and is

> estopped to deny his obligation, will be conclusively presumed to know the contents of the contract, and must suffer the consequences of his own negligence. (Citations omitted).

Under these circumstances, we feel that the trial court erred in setting aside the previously granted final order of summary judgment.

Moreover, it appears that the trial court had no jurisdiction to consider the Rule 60.02 motion. In *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586 (Tenn. 1994), our Supreme Court so held, stating:

> Therefore, we hold that a trial court has no jurisdiction to consider a Rule 60.02 motion during the pendency of an appeal. If a party wishes to seek relief from the judgment during the pendency of an appeal, he should apply to the appellate court for an order of remand. We stress that because the trial court will most likely be in a better position to quickly assess the merits of such a motion, leave should be freely granted by the appellate court if the motion is not frivolous on its face.

*Id.* at 596.

Accordingly, the order of the trial court setting aside the initial summary judgment granted to T J & L is reversed, and plaintiff's complaint against T J & L is dismissed.

We will next consider Largent's fifth issue of whether in a nonjury trial the trial court erred in granting judgment to Fayette County on the issue of temporary nuisance.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

A nuisance is defined as "anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable." *Oakley v. Simmons,* 799 S.W.2d 669, 671 (Tenn. Ct. App 1990) (citing *Caldwell v. Knox Concrete Products, Inc.,* 391 S.W.2d 5, 54 Tenn. App. 364 (1964)). In order to constitute a nuisance, there must be some affirmative act on the part of those charged. *Rector v. City of Nashville,* 23 Tenn. App. 495, 134 S.W.2d 892 (1939). Generally, negligence is not involved in nuisance actions as a nuisance is a condition and not an act or failure to act. *Cuffman v. City of Nashville,* 26 Tenn.App.367, 175 S.W.2d 331 (1943). "The element of a nuisance is the wrongful use of one's property or right to the injury of another." *Campbell County v. Ridenour*, 22 Tenn.App 250, 120 S.W.2d 1000, 1003 (Tenn. Ct. App. 1938). A temporary nuisance is an injury to property that can be corrected with the expenditure of labor or money. *Caldwell v. Knox Concrete Prod. Inc.,* 54 Tenn. App. 393, 391 S.W.2d 5 (1964). The measure of damages for a temporary nuisance is the injury to the value of the

use and enjoyment of the property, properly determined by the rental value of the property and to what degree the rental value is diminished. ***Anthony v. Construction Products, Inc.,*** 677 S.W.2d 4, 10 (Tenn. Ct. App. 1984).

Largent's entire case is predicated upon the placing of the concrete on his property without his permission. Testimony was introduced by Largent on the one hand and by Fayette County on the other which created a conflict in the testimony as to whether permission was granted by Largent to Fayette County. When the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge, who has the opportunity to observe the witnesses in their manner and demeanor while testifying, is in a far better position than this Court to decide those issues. ***McCaleb v. Saturn Corp.***, 910 S.W.2d 412, 415 (Tenn. 1995); ***Whitaker v. Whitaker***, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. ***Id***.; ***In re Estate of Walton v. Young***, 950 S.W.2d 956, 959 (Tenn. 1997).

From our review of the record, we cannot say that the evidence preponderates against the trial court's findings of facts, and, therefore, the judgment for Fayette County should be affirmed.

In considering appellee's issue for review, we have disposed of Issue No. I. Concerning Issue No. II, we have reviewed the record concerning the question of discretionary costs and cannot find that the trial court abused its discretion in awarding discretionary costs to T J & L Construction Company. Accordingly, this issue is without merit.

As to Issue No. III regarding the summary judgment entered in favor of defendant, Dement Construction Company, we have heretofore determined that there is a final order of summary judgment in favor of defendant, T J & L . The only allegation against Dement Construction Company is that its liability is predicated upon the action of its alleged agent, T J & L. The principal or master cannot, as a matter of law, be liable for the alleged negligence of his servant or agent when it has been judicially determined that the servant was not negligent. ***See Cantrell v. Burnett & Henderson Co.***, 187 Tenn. 552, 216 S.W.2d 307 (1948). This issue is without merit.

Considering Issue No. IV, whether the court erred in granting partial summary judgment to Fayette County on the issue of negligence, depends upon whether permission was granted to Fayette County by Largent to store the concrete on the property. That issue has been judicially determined as noted in our consideration of Issue No. V. Where there has been a judgment on a controlling issue of fact, a plaintiff in that suit is judicially bound by such finding in the subsequent suit by such plaintiff against even a different defendant. ***See Hammons v. Walker Hauling Co.***, 196 Tenn. 26, 263 S.W.2d 753 (1953).

In sum, the order of the trial court setting aside the initial summary judgment granted to T J & L Construction Company is reversed, and plaintiff's complaint against T J & L is dismissed. The judgments of the trial court in all other respects are affirmed in their entirety. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellant, Largent Contracting, Inc., and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.